STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DR. SHEZAD MALIK LAW FIRM P.C., a Texas domestic professional corporation,<br><br>Defendant. | Case No.: 2:10-cv-0636<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Dr. Shezad Malik Law Firm P.C. (the "Malik Firm"), a Texas domestic professional corporation, on information and belief:

## **NATURE OF ACTION**

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Secretary of State of Nevada.

4. The Malik Firm is, and has been at all times relevant to this lawsuit, the owner of the Internet domain www.dallasfortworthinjurylawyer.com (the "Website").

## JURISDICTION

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

6. The Malik Firm purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

7. The Malik Firm purposefully directs and effectuates the unauthorized reproduction of Righthaven-owned copyrighted works at the Website.

8. The Malik Firm's unauthorized reproductions of Righthaven-owned copyrighted works found on the Website are purposefully targeted to Nevada residents.

9. The Malik Firm copied, on an unauthorized basis, the literary work entitled "Florida woman suing over Monte Carlo fire" (the "Infringement"), attached hereto as Exhibit 1, from a source emanating from Nevada.

10. On or about January 20, 2010, the Malik Firm displayed and continues to display the Infringement on the Website.

11. The Malik Firm's display of the Infringement was and is purposefully directed at Nevada residents.

12. The Malik Firm copied, on an unauthorized basis, the literary work entitled "LV family, resort settle avalanche death suit," attached hereto as Exhibit 2 (the "Avalanche Article"), from a source emanating from Nevada.

13. On or about July 10, 2009, the Malik Firm displayed and continues to display the Avalanche Article on the Website.

14. The Malik Firm's display of the Avalanche Article was and is purposefully directed at Nevada residents.

15. The Malik Firm copied, on an unauthorized basis, the literary work entitled "Wynn employee, tired of dealing with smoke, sues," attached hereto as Exhibit 3 (the "Smoke Article"), from a source emanating from Nevada.

16. On or about October 31, 2009, the Malik Firm displayed and continues to display the Smoke Article on the Website.

17. The Malik Firm's display of the Smoke Article was and is purposefully directed at Nevada residents.

18. The Malik Firm's contacts with Nevada are systematic and continuous because the Malik Firm provides functionality at the Website to allow users of the Website to request electronic news feeds of new news articles, selectively culled by the Malik Firm, specifically relating to Nevada.

## **VENUE**

19. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

20. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and §1400(a), because Malik Firm may be found in Nevada.

21. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because the Malik Firm is subject to personal jurisdiction in Nevada.

**FACTS**

22. Righthaven is the copyright owner of the literary work entitled "Florida woman suing over Monte Carlo fire" (the "Work"), attached hereto as Exhibit 4.

23. The Work was originally published on January 19, 2010.

24. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

25. On April 12, 2010, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007125673 (the "Registration") and attached hereto as Exhibit 5 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

26. The Malik Firm owns the Website.

27. At all times relevant, the Malik Firm had and has maintained beneficial control of the Website.

28. At all times relevant, the Malik Firm has and had maintained the administrative duties to add to, delete from and arrange content on the Website.

29. No later than January 20, 2010, the Malik Firm reproduced an unauthorized copy of the Work on the Website.

30. No later than January 20, 2010, the Malik Firm displayed the Infringement on the Website.

31. As of April 27, 2010, the Malik Firm continues to display the Infringement on the Website.

32. The Malik Firm did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

33. The Malik Firm was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

34. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 33 above.

35. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

36. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

37. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

38. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

39. The Malik Firm reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

40. The Malik Firm created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

41. The Malik Firm distributes unauthorized reproductions of the Work via the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

42. The Malik Firm publicly display an unauthorized reproduction of the Work at the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

43. The Malik Firm has willfully engaged in the copyright infringement of the Work.

44. The Malik Firm's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

45. Unless the Malik Firm is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Malik Firm of the Work, pursuant to 17 U.S.C. §502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Malik Firm, and the Malik Firm's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Malik Firm, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Malik Firm to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Malik Firm's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Malik Firm has communicated regarding the Malik Firm's use of the Work; and

   c. All financial evidence and documentation relating to the Malik Firm's use of the Work;

3. Direct GoDaddy.com, Inc., and any successor domain name registrar for the Website domain, to lock the Website domain and transfer control of the Website domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this fourth day of May, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff