STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-0636- RLH-RJJ |
| | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTIONAND LACK OF PERSONAL JURISDICTION** |
| Plaintiff, | |
| v. | |
| DR. SHEZAD MALIK LAW FIRM P.C., a Texas domestic professional corporation, | |
| Defendant. | |

Righthaven LLC ("Righthaven") hereby opposes Defendant Dr. Shezad Malik Law Firm P.C.'s  (the "Malik Firm") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Lack of Personal Jurisdiction (Docket No. 6; "Motion to Dismiss").  Righthaven bases this Opposition to the Malik Firm's Motion to Dismiss (the "Opposition") on the pleadings and papers on file in this action, on oral argument of counsel made at the time of this Court's hearing of the Motion to Dismiss, and on any other matter of which this Court takes notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

    A. *Standing*

    The Malik Firm's standing argument is illegitimate for the following five independent reasons:

    (1) The Malik Firm's standing argument is not ripe for consideration.  The Malik Firm relies upon a hypothetical, erroneous assumption as a basis for its standing argument, which is both inappropriate and a waste of this Court's time.  The Malik Firm has not seen the copyright assignment entered into by Righthaven and assignor Stephens Media LLC (the "Righthaven Assignment"), attached hereto at Exhibit 1.

    (2) The pleading requirement associated with standing has been far exceeded by Righthaven.

    (3) Righthaven is entitled to a presumption of copyright ownership.  The United States Copyright Office (the "USCO") has already examined Righthaven's claim of copyright ownership and has granted Righthaven registrant status.  The Malik Firm's standing argument is merely an attempt to diminish the USCO's evaluation of ownership and the presumption arising therefrom.

    (4)  Assuming, *arguendo*, that this Court believes that Righthaven's presumption of ownership does not effectively end the standing analysis, the Righthaven Assignment, presented herewith, unequivocally substantiates Righthaven's standing.

    (5) To the extent that this Court finds the Righthaven Assignment to be in any way unclear as to the transfer of accrued causes of action, this gives rise to a genuine issue of material fact.

    Therefore, Righthaven contends that if Righthaven is correct on any of the above five arguments, the Malik Firm's standing argument must fail.

**B.  _Personal Jurisdiction_**

Stunningly, the Malik Firm has also failed to present to this Court a very clear Ninth Circuit holding:  willful copyright infringers who reproduce content from a source known to exist in the forum purposefully avail themselves of said forum. _Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.,_ 106 F.3d 289 (9th Cir. 1997)  _rev'd_ on other grounds _Feltner v. Columbia Pictures Television, Inc._, 523 U.S. 340 (1998).  The Malik Firm's tangential allusions to not having "expressly aimed" activities toward Nevada vis-à-vis the Malik Firm's website is a red-herring discussion:  the Malik Firm's unauthorized reproduction of Righthaven-owned copyrighted works is the fact most pertinent for jurisdictional purposes.  Independently, the Malik Firm's conduct, as pled in the Complaint (Docket No. 1), and the argument presented in this Opposition, clearly establishes sufficient ties with Nevada to further substantiate both specific and generally-based personal jurisdiction.

## II.   <u>FACTS</u>

Righthaven is the owner of the copyright in the literary work entitled "Florida woman suing over Monte Carlo fire" (the "Work"; Complaint Ex. 4).  Righthaven acquired ownership of the Work on or about March 31, 2010, whereupon Righthaven entered into the Righthaven Assignment with Stephens Media LLC ("Stephens").  In addition to assigning Righthaven exclusive ownership of the Work, the Righthaven Assignment transferred to Righthaven the right to seek redress for all accrued causes of actions, including, without limitation, infringements of the Work occurring prior to the effective date of the Righthaven Assignment.  The Work was originally published on January 19, 2010. Complaint ¶ 23.  On April 12, 2010, the USCO granted Righthaven the registration to the Work, copyright registration number TX0007125673. Complaint ¶ 25, Complaint Ex. 5.

The Malik Firm is the owner and registrant of the Internet domain name <dallasfortworthinjurylawyer.com>. Declaration of Shezad Malik ¶ 5.  Dr. Shezad Malik posted at least three (3) Righthaven-owned literary works on the Malik Firm website. Complaint Ex. 1-3

On or about January 20, 2010, the Malik Firm willfully reproduced an unauthorized copy of the Work (the "Infringement") and publicly displayed said unauthorized copy on the Malik Firm website. Complaint Ex. 1. Dr. Shezad Malik willfully changed the original title of the Work to a new title: "Florida Resident Files Lawsuit Related to Las Vegas Fire." Complaint Ex. 1. The Work depicts the Las Vegas *Review-Journal* as the original source publication. Complaint Ex. 4. On or about July 10, 2009, the Malik Firm willfully reproduced an unauthorized copy of the Righthaven-owned literary work entitled "LV Family, resort settle avalanche death suit" (the "Avalanche Article") and publically displayed said unauthorized copy on the Malik Firm website. Complaint Ex. 2. Dr. Shezad Malik willfully changed the original title of the Avalanche Article to a new title: "Las Vegas Family and Resort Settle Avalanche Death Lawsuit." Complaint Ex. 2. On or about October 31, 2009, the Malik Firm willfully reproduced an unauthorized copy of the Righthaven-owned literary work entitled "Wynn employee, tired of dealing with smoke, sues" (the "Smoke Article") and publically displayed said unauthorized copy on the Malik Firm website. Complaint Ex. 3. Dr. Shezad Malik willfully changed the original title of the Smoke Article to a new title: "Employee sues Wynn Las Vegas over secondhand smoke." Complaint Ex. 3.  The Malik Firm knew each and every copyright infringement came from a Nevada-based source. Complaint ¶ 6-9, 12, 15.

### III.   ARGUMENT

#### A. *Righthaven's Standing to Sue is Clear and Unequivocal*

##### 1. *The Motion to Dismiss is not Ripe for Consideration*

The Malik Firm's standing argument is not ripe for consideration because the Malik Firm has not seen the Righthaven Assignment.  Rather than review the Righthaven Assignment prior to presenting its standing argument, the Malik Firm is instead relying upon the erroneous, inappropriate, hypothetical assumption that Righthaven may not be the assignee of both copyright ownership and all past, present, and future causes of action.  Accordingly, the Malik Firm's argument is not fit for judicial decision and is effectively wasting this Court's time.

4

The Malik Firm's failure to review the Righthaven Assignment precludes the Malik Firm from asserting a ripe, well-founded standing argument. A determination of ripeness requires a two prong test: "(1) the fitness of the issues for judicial decision; and (2) the hardship to the parties of withholding court consideration." *Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1033 (9th Cir. 2005) (internal quotation marks omitted). The Malik Firm's failure to review the Righthaven Assignment is dispositive to this analysis. The entirety of the Malik Firm's position on standing is based upon the incorrect assumption that the Righthaven Assignment may not have transferred to Righthaven ownership of both the copyright and all accrued causes of action. In other words, the Malik Firm is presenting the Court with an argument entirely founded upon sheer speculation as to the nature and dimension of Righthaven's copyright ownership. As such, the Malik Firm simply cannot present a ripe, substantiated standing argument prior to examining the Righthaven Assignment.

Rather than waste the Court's time by filing a grossly premature motion, the Malik Firm should have requested the Righthaven Assignment in the normal course of discovery. Upon receipt of the Righthaven Assignment, the Malik Firm could have prudently assessed the adequacy of the assignment terms, thereby achieving a full understanding of the sufficiency of the copyright transfer. At that point, if the Malik Firm was still inclined to challenge Righthaven's standing, such an argument may be ripe for consideration. In *Baldain v. American Home Mortgage Servicing, Inc.*, No. 09-0931, 2010 WL 56143, at *5 (E.D. Cal. Jan. 5, 2010), the court assessed a Rule 12(b)(6) motion wherein the plaintiffs did not specifically plead the date of the offense. In its analysis, the court noted the overall sufficiency of the plaintiffs' allegations and further noted that the date of violation "is exactly the sort of information which should be obtained through the discovery process." *Id.* (internal quotation marks omitted). Similar logic should be applied here. As detailed below, Righthaven was not required to plead or exhibit the Righthaven Assignment. However, said document certainly could have been obtained through the normal course of discovery. The Malik Firm neglected to do so, thus rendering its standing argument unripe for consideration and altogether unmeritorious.

The Malik Firm's failure to consider the Righthaven Assignment prior to asserting its standing argument is highly disconcerting.  The Malik Firm's decision to put this argument before the Court and effectively waste the Court's time may well warrant the exercise of the Court's inherent power to impose sanctions.  This inherent power is deeply-rooted in the judiciary, and "extends to a full range of litigation abuses." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).  This includes the power to impose sanctions "on counsel who willfully abuse the judicial processes." *U.S. v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983) (internal quotation marks omitted).  Here, the Malik Firm's assertion of a grossly premature, highly erroneous standing argument rises to the level of abuse of judicial process.

## 2.   *Righthaven has far Exceeded the Pleading Requirements*

Righthaven has clearly met the pleading requirements associated with both standing and the copyright claim.  Copyright actions operate under basic notice pleading requirements, rather than the heightened pleading standard imposed under Fed. R. Civ. P. 9.  As demonstrated in the Complaint, Righthaven's allegations as pled easily satisfy the notice pleading requirements.  Consequently, the Malik Firm's unsupported assertion that Righthaven somehow lacks standing because the pleadings fail to demonstrate the timeframe of copyright ownership is highly erroneous.

Copyright actions are not held to a heightened pleading requirement.  The Federal Rules provide that heightened pleading standards are only applied in cases governed by Rule 9(b). *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1055 (9th Cir. 2005); *citing Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168-69 (1993).  The Malik Firm has not presented any authority to suggest that the instant claim is subject to a heightened pleading requirement.  This failure to cite legal authority is not surprising, as non-fraud allegations, such as the instant copyright claim, are ***not*** subject to Rule 9 heightened pleading requirements as this "would impose a burden on plaintiffs not contemplated by the notice pleadings requirements of Rule 8(a)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

1097, 1104 (9th Cir. 2003). As such, the heightened pleading standard imposed by Rule 9 is entirely inapplicable at present.

Accordingly, Righthaven's copyright claim is therefore governed by basic notice pleading requirements. Righthaven has clearly met this notice pleading burden. It is well-established that to prove copyright infringement, the plaintiff must demonstrate: "(1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991); *citing Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989). Thus, a plaintiff in a properly pled copyright claim must satisfy these elements through the factual allegations in the pleadings. In the instant matter, the elements of a copyright claim are expressly pled in the Complaint, wherein Righthaven alleges copyright ownership of the Work and also alleges the Malik Firm's Infringement of the Work. Complaint ¶ 9, 22. Furthermore, Righthaven presents evidence in support of these allegations by exhibiting both the copyright registration granted by the USCO and a printout of the Infringement. Complaint Ex. 1, 5. A copyright claimant "satisfies Rule 8 if the 'complaint and the incorporated documents are sufficient to allege' that the Defendants copied the work in question." *Home Design Services, Inc. v. B & B Custom Homes, LLC*, No. 06-00249, 2006 WL 3328140, at *4 (D. Colo. Nov. 15, 2006); *quoting Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002). Summarily, because copyright claims are subject to bare notice pleading requirements under Rule 8(a), the allegations as pled unequivocally satisfy Righthaven's pleading burden associated with both standing and the copyright claim.

The Malik Firm's unfounded attempt to impose a pleading standard beyond that enumerated by Rule 8(a) should not be entertained by this Court. The Malik Firm attempts to impose a heightened standard by contending that Righthaven lacks standing because Righthaven: (1) "has not provided the Court or [the Malik Firm] with a copy of the assignment agreement," and (2) has failed "to show that it was the owner of the copyright in the Articles when the alleged infringement occurred." Motion to Dismiss at 2, 5.[1] However, pursuant to Rule 8(a), ***Righthaven was not required to plead or exhibit the Righthaven Assignment, nor was***

---

[1] The Malik Firm's Motion to Dismiss does not contain line numbers. Thus, Righthaven is limited to merely noting the applicable page number when referencing the Motion to Dismiss.

***Righthaven required to specifically plead the timeframe of its copyright ownership***.  The Malik Firm offers no legal authority to support the proposition that Righthaven was required to plead the details and dimensions of the Righthaven Assignment.  In fact, given the pedestrian nature of the Malik Firm's argument, the only authority Righthaven can identify that specifies additional elements required of a copyright plaintiff to achieve Rule 8(a) compliance derives from the Eastern District of New York.  In *Home & Nature Inc. v. Sherman Specialty Company, Inc.*, 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004), the court held that a complaint alleging copyright infringement sufficiently complies with Rule 8(a) so long as the plaintiff asserts: "(1) which specific original works form the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts [and] during what time the defendant infringed the copyright."  Here, Righthaven irrefutably satisfies each of these elements.  Righthaven's Complaint: (1) identifies and exhibits the Work, (2) alleges Righthaven's ownership of the Work, (3) alleges and exhibits the copyright registration, and (4) identifies and exhibits the Infringement. Complaint ¶ 9, 22, 25, Complaint Ex. 1, 4-5.  Importantly, it must be noted that the Rule 8(a) pleading elements outlined in *Home & Nature* do not require the plaintiff to allege copyright ownership at the time of the infringement.  There is no legal basis upon which such a requirement should be imposed here.  Righthaven's allegations are more than sufficient to satisfy the basic pleading requirements imposed by Rule 8(a).  The adequacy of Righthaven's well-pled Complaint is not diminished simply because Righthaven did not plead the additional facts unfoundedly raised by the Malik Firm in its Motion to Dismiss.

### 3.   <u>The Malik Firm has Ignored Righthaven's Presumption of Ownership</u>

Not only did Righthaven meet the pleading requirement, but standing in this matter has been dispositively resolved by Righthaven's presumption of copyright ownership.  As Righthaven is the copyright registrant, the Copyright Act clearly mandates that Righthaven is afforded an evidentiary presumption as the exclusive owner of the copyright. 17 U.S.C. § 410(c). Specifically, section 410(c) provides, in pertinent part, that "[i]n any judicial proceedings the

certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *See also Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 201 (9th Cir. 1989); *Marquis Models, Inc. v. Green Valley Ranch Gaming, LLC*, No. 05-01400, 2007 WL 2904172, at *3 (D. Nev. Sept. 30, 2007).  Therefore, to challenge Righthaven's status as the rightful litigant in this lawsuit, it is the Malik Firm's burden to provide evidence that rebuts Righthaven's presumption of ownership. *See May v. Morganelli-Heumann & Associates*, 618 F.2d 1363, 1369 (9th Cir. 1980) (presumption of copyright ownership is rebuttable through extrinsic evidence).  The Malik Firm has not provided a single item of rebuttal evidence. Instead, the Malik Firm attempts to undermine Righthaven's standing by merely hypothesizing – without any substantiation – as to why Righthaven's copyright registration is somehow invalid for the purposes of standing.  The Malik Firm futilely notes that the "evidence shows that Righthaven is not the original owner, but is at best an assignee of that copyright." Motion to Dismiss at 5.  This inconclusive statement is irrelevant to the instant analysis and does nothing to contest Righthaven's presumption of copyright ownership.  Absent any showing of evidence to rebut this presumption, this Court need not entertain the Malik Firm's efforts to diminish the USCO's evaluation of Righthaven's copyright claim and the presumption of ownership arising therefrom.

   **4.   *The Righthaven Assignment Unequivocally Substantiates Righthaven's Standing to Sue***

   **a.   *The Righthaven Assignment Expressly Assigns Exclusive Copyright Ownership and Accrued Causes of Action***

   The Righthaven Assignment assigns to Righthaven all exclusive ownership rights in and to the Work, and is expressly inclusive of all accrued causes of action.  Specifically, the Righthaven Assignment provides:

   > Assignor hereby transfers, vests and assigns [the Work]…to Righthaven…all copyrights requisite to have Righthaven recognized as the copyright owner of the Work for purposes of Righthaven being able to claim ownership as well as the

right to seek redress for **past, present and future infringements** of the copyright in and to the Work.

(Exhibit 1) (emphasis added).

Such unambiguous language is not subject to alternative interpretation.[2]  The Righthaven Assignment effects an assignment of the right to sue for any possible infringements of the Work, whether accrued or unaccrued.  This axiom is exemplified by the Fifth Circuit's analysis of this issue:

> Almost completely overlooked by all counsel is the effectiveness of an assignment of accrued causes of action for copyright infringement.  ***All that is required is that the contract cover in no uncertain terms choses in action for past, prior, accrued damages***…Here, the parties to the agreement were clearly careful to be clear and are clearly correct.  By express language the assignments cover the accrued causes of action for prior infringement.  ***As an assignee of the causes of action for infringement damages, past, present and future, [the plaintiff] has the right to maintain the action***.

*Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698, 700 (5th Cir. 1969) (emphasis added).

Addressing *Prather*, the Ninth Circuit in *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 889 (9th Cir. 2005) does not dispute the Fifth Circuit's analysis, acknowledging that the facts in *Prather* involved an assignment of all "accrued causes of action."[3]  Accordingly, in the instant matter, Righthaven acquired ownership of all accrued causes of action because the Righthaven Assignment specifically transfers the "right to seek redress for past, present and future infringements."  By no means do the terms of the Righthaven Assignment impose any form of limitation upon Righthaven with respect to Righthaven's standing to sue for infringement of the Work.  In fact, a cursory review of the Righthaven Assignment demonstrates that the language contained therein was expressly incorporated for the purpose of transferring exclusive ownership rights in their entirety, including all accrued causes of action.  Assignments

---

[2] To the extent that the Righthaven Assignment is deemed by the Court to somehow be subject to alternative interpretation, this gives rise to a general issue of material fact as discussed on pages 15-17, *infra*.

[3] In *Silvers*, the court notes that *Prather* was decided prior to the enactment of the 1976 Copyright Act and was therefore an "unhelpful authority" for the purposes of the Ninth Circuit's discussion in *Silvers*.  *Silvers*, 402 F.3d at 889.  However, the Ninth Circuit's issue with *Prather* was not whether the Fifth Circuit properly equated the definition of "accrued" claims with the definition of "past" claims in the context of copyright assignments.  In fact, the *Silvers* decision apparently recognized and approved of this analysis.  *Id.*  The Ninth Circuit's issue instead arose from the *Prather* decision's lack of a 17 U.S.C. § 501(b) analysis, which had not yet been enacted at the time the *Prather* decision was rendered.  *Id.*

of this nature are expressly permitted by 17 U.S.C. § 201(d)(1), which provides that copyright

ownership "may be transferred in whole or in part," and such assignments are recognized as

valid by the courts. *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir.

1991).  Here, the Righthaven Assignment vests Righthaven with the unequivocal right to pursue

legal recourse for all infringements of the Work, including those accrued prior to the Righthaven

Assignment.

### b. <u>*Righthaven has Standing to Prosecute Past Infringements because the Righthaven Assignment Expressly Includes Accrued Causes of Action*</u>

An assignment expressly inclusive of accrued causes of action enables the assignee to

bring suit for all infringements of the assigned work, irrespective of the date of infringement.

*ABKCO*, 944 F.2d at 980-81.  Amazingly, the Malik Firm relies on the Second Circuit's holding

in *ABKCO* to actually strengthen its standing argument. Motion to Dismiss at 4.  Specifically, the

Malik Firm cites the *ABKCO* court's recitation of § 501(b) of the Copyright Act: "the legal or

beneficial owner of an exclusive right under a copyright is entitled to bring actions for

infringements of that right occurring during the period of ownership." *ABKCO,* 944 F.2d at 980.

However, the Malik Firm conspicuously fails to inform this Court of the ***very next sentence*** of

the *ABKCO* decision, wherein the Second Circuit applies § 501(b) to a set of facts involving an

assignment of both copyright ownership and accrued causes of action: "[t]hus, a copyright owner

can assign its copyright but, if the accrued causes of action are not expressly included in the

assignment, the assignee will not be able to prosecute them." *ABKCO*, 944 F.2d at 980; *see also*

Nimmer on Copyright § 12.02[B] (a copyright assignment is generally construed not to assign

existing causes of action ***unless such claims are expressly included in the grant***) (emphasis

added).  In other words, an assignee of a copyright has standing to sue for any past infringements

of the assigned work so long as all accrued causes of action are expressly incorporated into the

assignment.  This is exactly the case at present.  The Righthaven Assignment, in addition to

vesting Righthaven with exclusive ownership rights in and to the Work, specifically includes the

assignment of all accrued causes of action.  Thus, it is entirely irrelevant whether the

Infringement occurred before, during, or after the time of the Righthaven Assignment.  By

stating that Righthaven has failed "to show that it was owner of the copyright in the Articles

when the alleged infringement occurred," the Malik Firm is simultaneously ignoring: (1) that the

plaintiff need only plead copyright ownership, not the specific timeframe of such ownership, and

(2) that ownership at the time of infringement is ***not*** required so long as the plaintiff is an

assignee of both the copyright and all accrued claims.

    The Malik Firm's reliance upon the Ninth Circuit's decision in *Silvers* is similarly

erroneous. Motion to Dismiss at 4.  First, it must be noted that the Malik Firm, while purportedly

paraphrasing the *Silvers* holding, ***blatantly misstates the Ninth Circuit's analysis***.  Citing

*Silvers*, the Motion to Dismiss inexplicably states that "[a] plaintiff who fails to show ownership

of a valid copyright at the time of infringement lacks standing to sue for any infringement that

occurred prior to assignment of the copyright." Motion to Dismiss at 4.  Nowhere in the *Silvers*

decision does the Ninth Circuit state that a copyright claimant must "show" or otherwise

demonstrate ownership at the time of the infringement in order to establish standing to sue.  The

Malik Firm's reliance on *Silvers* is further disconcerting given the clarity of the Ninth Circuit's

decision: an assignee has standing to sue for past infringements so long as the assignment

includes both exclusive ownership and accrued causes of action. *Silvers*, 402 F.3d at 890; *citing*

*ABKCO*, 944 F.2d at 980-81.  In this regard, it is shocking that the Malik Firm fails to realize

that its reliance upon *ABKCO* is rendered entirely inappropriate by the Ninth Circuit's decision

in *Silvers*.  In *Silvers*, the court was faced "with a situation in which the owner of all the

exclusive rights and the owner of the accrued causes of action [were] ***two different people***."

*Silvers*, 402 F.3d at 889 (emphasis added).  As a result, the Ninth Circuit held that the plaintiff's

"bare assignment of an accrued cause of action" was insufficient to establish standing. *Id.* at 890.

The facts in *Silvers* are blatantly distinguishable from those at present, and it is revealing that the

Malik Firm fails to acknowledge this distinction in the Motion to Dismiss.  To reiterate, the

Righthaven Assignment transferred, vested, and assigned to Righthaven (1) "all copyrights

requisite to have Righthaven recognized as the copyright owner of the Work for purposes of

Righthaven being able to claim ownership" ***and*** (2) "the right to seek redress for past, present

and future infringements" of the Work. Exhibit 1.  Here, there is no division of copyright ownership as was the case in *Silvers*; Righthaven is the owner of both the exclusive rights in and to the Work and all accrued causes of action.  In fact, it appears that had the Ninth Circuit been dealing with the all-inclusive terms of the Righthaven Assignment rather than the limited assignment at issue in *Silvers*, there would have been no question as to the sufficiency of the plaintiff's standing to sue.

Consequently, the Ninth Circuit's holding in *Silvers* grossly diminishes the Malik Firm's standing argument.  Specifically, the *Silvers* decision squarely undermines the Malik Firm's apparent position that an assignee of accrued claims is barred from seeking redress for past infringements.  While a bare assignment of accrued claims was deemed insufficient by the Ninth Circuit, an assignment of accrued claims coupled with a transfer of copyright ownership would suffice an adequate basis for standing. *Id.* citing *ABKCO*, 944 F.2d at 980-81.  Critically, the Malik Firm should have represented to the Court that the Ninth Circuit has clearly recognized that assignees of accrued causes of action may in fact have standing to sue for past infringements.  Moreover, the Malik Firm's presentment of *Silvers* as an example of why Righthaven might not have standing to sue demonstrates that the Malik Firm is erroneously hypothesizing as to the nature of the Righthaven Assignment.

Preceding authority unequivocally establishes that an assignee may pursue all existing causes of action so long as such causes of action are expressly included in the assignment.  In 2007, this Court considered whether a plaintiff had standing to sue for past copyright infringements following a transfer of copyright ownership "that in effect backdated a purchase of the copyrights." *Marquis Models*, 2007 WL 2904172, at *4.  In its analysis, this Court noted that "[s]uch a transfer does not violate the Copyright Act and could potentially give [the plaintiff] standing." *Id.*  Relying exclusively on *ABKCO* and *Silvers*, this Court held that "such a transaction requires simultaneous conveyance of both the copyright and accrued claims.  Furthermore, such a transfer requires the accrued causes of action to be expressly included in the assignment." *Marquis Models*, 2007 WL 2904172, at *4; *citing ABKCO*, 944 F.2d at 980; *Silvers*, 402 F.3d at 889-90 (internal quotation marks omitted).  The Court should not deviate

from its prior analysis.  Here, Righthaven's acquisition of exclusive ownership rights in and to the Work – along with its acquisition of all accrued causes of action – should accordingly be recognized as an adequate basis for standing.

This Court is not alone in having held consistently with the *ABKCO* and *Silvers* decisions.  In 2007, the United States District Court for the Central District of California held that a plaintiff lacked standing to sue for past infringements because the assignment at issue merely "assign[ed], transfer[red] and set over unto [the plaintiff] all right, title and interest in and to said trade dresses and copyrights." *Lanard Toys Limited v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1033 (C.D. Cal. 2007).  Distinguishing the facts in *Lanard* from those at present, the court's decision in *Lanard* was based entirely on the fact that the assignment did not "expressly convey [the assignor's] existing claims for infringement." *Id.*  Similarly, the United States District Court for the District of Arizona has held that "[c]opyright assignments do not include accrued causes of action unless they are expressly included in the assignment." *Giddings v. Vision House Production, Inc.*, 584 F. Supp. 2d 1222, 1229 (D. Ariz. 2008); *citing ABKCO*, 944 F.2d at 980; *see also Fairview Development Corp. v. Aztex Custom Homebuilders, LLC*, No. 07-0337, 2009 WL 529899, at *9 (D. Ariz. Mar. 3, 2009).  Moreover, the Second Circuit, in addition to its decision in *ABKCO*, has held that an assignment transferring all rights to a work, including "all existing or potential causes of action," sufficiently vested a transferee with right to pursue claims for past infringements. *Two Pepper Music v. Rhino Records, Inc.*, 173 F.3d 846, No. 98-9242 (2d Cir. Apr. 23, 1999); *see also Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007) ("An owner may also convey his interest in prosecuting accrued causes of action for infringement.").  It should be noted that beyond *ABKCO* and *Silvers*, the Malik Firm fails to cite any legal authority – Ninth Circuit or otherwise – to support the Malik Firm's proposition that the Righthaven Assignment is invalid for the purposes of standing.  Such authority does not exist, and now the Malik Firm is futilely attempting to avoid liability by asking this Court to ignore its own precedent and the precedent of courts across the country.   The case law on this topic is clear and unequivocal: an assignment of copyright ownership that specifically includes the transfer of past, present, and future causes of action entitles the assignee to sue for all accrued infringements.

c. **The Malik Firm's Argument is Illogical and, if Accepted, would Effectively Dissuade Corporate Acquisitions and Assignments**

In addition to defying the firmly established legal authority on this topic, the Malik Firm's standing challenge also directly defies all notions of logic and practicality.  If this Court were to accept the Malik Firm's argument, the rights of any business engaging in a corporate acquisition wherein an assignment of rights occurs would be severely diminished.  In *SAPC, Inc. v. Lotus Development Corp.*, 921 F.2d 360 (1st Cir. 1990), the First Circuit sided with the plaintiff corporation, holding that it had acquired the entirety of the assignor's intellectual property rights due to the unambiguous language of the asset purchase. *Id*. at 363.  This included the plaintiff's acquisition of all "existing claims for infringement." *Id*. at 364.  Applying the Malik Firm's logic to this scenario, the corporate assignee would be precluded from bringing a claim for any infringement that occurred prior to the acquisition of assets – regardless of the all-inclusive terms of the transfer – merely because the company's ownership did not manifest until after the date of the infringement.  Furthermore, any infringements accrued prior to the assignment of rights would be effectively immunized from liability as the exclusive owner of these accrued causes of action would be precluded from filing suit.  Despite the Malik Firm's self-serving efforts to achieve such immunization from liability, the practical effect of the Malik Firm's argument is simply inconceivable and should not be entertained by this Court.  A plaintiff assignee should not be denied recourse to pursue accrued causes of action when such rights are specifically and unambiguously included in the assignment of rights.  Similarly, the Malik Firm's willful copyright infringement should not be exempted from liability simply because the infringing activity occurred prior to the Righthaven Assignment.

5. **Any Uncertainty as to the Intent of the Righthaven Assignment Gives Rise to a Genuine Issue of Material Fact**

To the extent that this Court finds the Righthaven Assignment to be factually unclear in any manner, this gives rise to a genuine issue of material fact.  Therefore, should this Court choose to treat the Malik Firm's Motion to Dismiss as a motion for summary judgment as

expressly permitted by Rule 12(d), the Malik Firm's motion must be denied.  "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  However, a district court may consider materials attached to the complaint, materials incorporated by reference in the complaint, or matters of judicial notice "without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.  Thus, while the Malik Firm's efforts to dismiss for lack of standing are clearly unfounded in light of the preceding arguments, the Malik Firm would also fail on a motion for summary judgment because any remaining uncertainty about the Righthaven Assignment constitutes a genuine issue of material fact.

The Malik Firm's motion falls woefully short of reaching the threshold for summary judgment.  Under Rule 56, summary judgment is only proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Shaw v. Lindheim*, 919 F.2d 1353, 1359 (9th Cir. 1990); *citing Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).  Furthermore, the test for summary judgment in a copyright case is the same as the standard applied to all civil actions. *Shaw*, 919 F.2d at 1358-59.  Here, as the moving party, the Malik Firm has the initial burden of "presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial." *Rowell v. Powerscreen Intern., Ltd.*, 808 F. Supp. 1459, 1462 (D. Nev. 1992).  By no means do the Malik Firm's bare, unsupported arguments even remotely approach this initial threshold.  The Malik Firm has not presented any evidence, nor has it put forth any compelling argument to suggest that the Malik Firm is entitled to judgment as a matter of law.  Similarly, the Malik Firm has offered nothing to rebut the allegations and supporting evidence put forth by Righthaven, all of which implicates the Malik Firm's culpability.  Regardless, even assuming, *arguendo*, that the Malik Firm did meet its initial burden, the Malik Firm would nevertheless fail to achieve summary judgment.  Pursuant to Rule 56, once the movant has met the first burden, "the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue

for trial." *Rowell*, 808 F. Supp. at 1462.  Righthaven, by way of the Complaint and evidence attached in support thereof, has clearly presented such facts demonstrating a genuine issue for trial.  Righthaven has pled copyright ownership, pled the nature of the Infringement, and has exhibited evidence to substantiate these allegations. Complaint ¶ 9, 22, Complaint Ex. 1, 4. Furthermore, any uncertainty this Court might have about the intent of the Righthaven Assignment and transfer of rights occurring therein unquestionably gives rise to a genuine issue of material fact, thereby mandating a denial of summary judgment.

The purpose of the Righthaven Assignment, and the intent of the parties to the Righthaven Assignment, must be construed as questions of fact.  This basis, standing alone, is sufficient to defeat summary judgment. *Gifford v. Atchison, Topeka and Santa Fe Ry. Co.*, 685 F.2d 1149, 1156 (9th Cir. 1982) ("Summary judgment is generally not proper when the intent of a party is placed in issue.").  Though Righthaven maintains that the terms of the Righthaven Assignment are unambiguous, the Ninth Circuit has firmly established that "ambiguity in a contract raises a ***question of intent, which is a question of fact precluding summary judgment***." *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983) (emphasis added).  In addition, the Ninth Circuit has extended this philosophy to the interpretation of assignments. *Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.*, 268 F.3d 1133, 1138 (9th Cir. 2001).  Adopting California law, the Ninth Circuit in *Orion Tire* held that "the interpretation of an assignment clause, like the interpretation of contract terms generally, is a ***question of the intent of the parties and is typically a question of fact for the jury***." *Id.* (emphasis added).  Though Righthaven adamantly maintains that the terms of the Righthaven Assignment unambiguously transfer the right to bring suit for any past, present, or future infringements, any uncertainty this Court may have as to the underlying intentions of the parties to the Righthaven Assignment must be construed as questions of fact.  Consequently, this matter cannot be dismissed as a matter of law.

### B.   The Malik Firm has Subjected Itself to Forum Jurisdiction

#### 1.   A Willful, Knowing Copyright Infringer is Subject to Forum Jurisdiction

The Ninth Circuit has made unequivocally clear that a willful, knowing copyright infringer is subject to forum jurisdiction.  The Ninth Circuit has held that the ***jurisdictional inquiry ends*** in a copyright infringement case when "Columbia alleged, and the district court found, that Feltner willfully infringed copyrights owned by Columbia, which, as Feltner knew had its principal place of business in the Central District." *Columbia,* 106 F.3d at 289 (emphasis added). Indeed, the Ninth Circuit went on to hold that "[t]his fact alone is sufficient to satisfy the 'purposeful availment' requirement." *Id*.  In other words, no further elemental or factored analysis is required.   As such, in this copyright infringement case, the jurisdictional analysis need go no further.  Amazingly, the Malik Firm never mentioned this holding to the Court.

#### 2.   The Malik Firm was a Willful, Knowing Copyright Infringer Vis-à-vis Nevada

The Malik Firm knew each and every copyright infringement came from a Nevada-based source. Complaint ¶ 6-9, 12, 15.  The Malik Firm focuses its attention on general jurisdictional elements and almost entirely discounts venerable law concerning specific jurisdiction for copyright infringement.  As an example, the Malik Firm refers extensively to the "express aiming" test not being satisfied in this case. *Calder v. Jones,* 465 U.S. 783 (1983). However, the Malik Firm is a copyright infringer of the Nevada-based Work. Complaint ¶ 9-11.  The Malik Firm reproduced and displayed a complete, verbatim, unauthorized reproduction of the Work that gave the appearance that the Malik Firm was the original producer or author of the Work. Complaint ¶ 9-11.  The Work was originally published in a Nevada-based daily periodical and disseminated almost exclusively to Nevada-based readers. The Work depicts the Las Vegas *Review-Journal* as the original source publication. Complaint Ex. 4. The subject matter, at least in part, of both the Work and the Infringement, is the first lawsuit associated with the hotel fire at the Monte Carlo Hotel and Casino located in Las Vegas, Nevada on January 25, 2008.  The Malik Firm cannot logically claim that the Malik Firm did not know the Work was targeted and

intended for Nevada-based readers or that the Work did not emanate from a Nevada-based source. The Ninth Circuit holds that "individual targeting of a known forum resident, which allegedly created *competition for the plaintiff and confusion as to authorship of the text*, amount[s] to express aiming." *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 987 (9th Cir. 2009) (emphasis added). Consequently, the Malik Firm's Infringement created competition for potential viewers, confused authorship and amounted to express aiming at Nevada residents.  The Malik Firm reproduced an article emanating from Nevada that influenced Nevada residents; therefore, the Malik Firm must have known the Infringement would target Nevada residents.

### 3.   *The Malik Firm's Chief Executive Officer Posted the Infringing Material*

Personal jurisdiction requirements for the Malik Firm in Nevada are further satisfied because the person who posted the infringing material is the Chief Executive Officer of the Malik Firm. The Supreme Court has held that a defendant's liability may be determined by the material participation of the defendant's employees in the infringement. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 438 (1984). In *Sony*, the Supreme Court held that the defendant was not liable for the infringement solely because no employee of defendant had "direct involvement with the allegedly infringing activity." *Id* at 438.  The Malik Firm facts provide the exact inverse to the *Sony* holding, where liability is derived when an employee or agent is directly involved in the infringing activity. Here, the available facts on Dr. Shezad Malik, the individual who apparently posted the infringing material, confirm that Dr. Shezad Malik is the Chief Executive Officer of the Malik Firm.  Declaration of Shezad Malik ¶ 2. Additionally, the Texas Secretary of State displays "Shezad A. Malik" as the registered agent of the Malik Firm. Exhibit 2. Dr. Shezad Malik posted at least three (3) unauthorized copies of Righthaven-owned literary works on the Malik Firm website. Complaint Ex. 1-3.  Summarily, the Malik Firm is a willful, knowing copyright infringer of Righthaven-owned works, in part, because Dr. Shezad Malik, the registered agent and Chief Executive Officer of the Malik Firm, posted at least three (3) Righthaven-owned copyright works on the Malik Firm website.

### 4.   *The Malik Firm is Subject to Personal Jurisdiction on a General Jurisdictional Basis*

It is abundantly clear that the Malik Firm's activities and contacts with Nevada give rise to not only specific jurisdiction, as discussed above, but also general jurisdiction. The Ninth Circuit has held that "the exercise of personal jurisdiction must comport with fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 800, 802 (9th Cir.2004). Here, the Malik Firm has extended itself through continuous and systematic contacts with Nevada by: (1) publishing content emanating from Nevada that is of specific interest to Nevada residents, and (2) failing to present a compelling case that the exercise of jurisdiction would not be reasonable in Nevada.

### a.   *The Malik Firm Continuously Publishes Content Emanating from Nevada that is of Specific Interest to Nevada Residents*

The Malik Firm, via the Malik Firm's website, provides links to Nevada-based publications and, with specific respect to this lawsuit, has reproduced three (3) literary works, in their entirety, in the "blog" section of the Malik Firm website. Complaint Ex. 1-3. The Ninth Circuit has held that willful copyright infringers who reproduce content from a source known to exist in the forum purposefully avail themselves of said forum. *Columbia,* 106 F.3d at 289. Here, the Malik Firm demonstrates a continuous and systematic approach to copying content from Nevada-based publications, specifically the Las Vegas *Review-Journal*, and reproduces that content without authority or license to do so. In addition, the Malik Firm provides, on the Malik Firm's website, a "blog" section wherein the title, an excerpt of the literary work, and the date of publication of relevant news publications are listed. Exhibit 3. Said listings are excerpts and hyper-links to the original source material, but nevertheless demonstrate the Malik Firm's interjection into the Nevada jurisdiction by acting as an aggregator of personal injury and tort news. This aggregation of news is of specific interest to Nevada residents because Nevada, and specifically Las Vegas, Nevada, is the source location for many stories posted on the "blog."

20

Therefore, the Malik Firm's deliberate acts of providing excerpts, links and reproducing content that is of specific interest to Nevada residents justifies the exercise of personal jurisdiction over the Malik Firm in Nevada.

### b. *The Malik Firm Qualifies for Personal Jurisdiction Under the Ninth Circuit's Seven Factor Test*

Even if this Court decides not to follow the specific jurisdictional analysis in favor of Righthaven, exercising jurisdiction over the Malik Firm under the seven factors outlined in *Core-Vent Corporation v. Nobel Industries,* 11 F.3d 1482, 1487-88 (9th Cir. 1993) would not violate substantial justice. These factors include:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs;
> (2) the burden on the defendant of defending in the forum;
> (3) the extent of conflict with the sovereignty of the defendants' state;
> (4) the forum state's interest in adjudicating the dispute;
> (5) the most efficient judicial resolution of the controversy;
> (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and
> (7) the existence of an alternative forum.

*Id.*

None of the above factors are dispositive standing alone; instead, the Court must balance all seven. *Id.* Here, the Malik Firm points to the "sliding scale" test articulated in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119 (W.D. Pa. 1997), but fails to provide any legal analysis as to where the Malik Firm's website would be placed within the *Zippo* sliding scale. The Malik Firm may have wanted to convey that the Malik Firm's website is entirely passive in nature. However, the Malik Firm, regardless of the Courts *Zippo* analysis, cannot escape the fact that its actions give rise to personal jurisdiction in Nevada because jurisdiction is presumed to be reasonable once the first two prongs of the specific jurisdiction test have been met. *Schwarzenegger*, 374 F.3d at 802. Righthaven has met the burden of satisfying the first two prongs of the specific jurisdiction test by demonstrating that: (1) the Malik Firm "express[ly] aim[ed]" activities at Nevada residents when Dr. Shezad Malik posted the Infringement, which Dr. Shezad Malik knew emanated from Nevada, and (2) Righthaven's

copyright infringement claim arose out of the Malik Firm's actions in regard to copyright infringement of the Work. In this situation, where the plaintiff has satisfied the first two prongs of the specific jurisdiction test, the Ninth Circuit has held that the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Core-Vent,* 11 F.3d at 1487. For the following reasons, the Malik Firm cannot make a compelling that jurisdiction in Nevada would not be reasonable:

1.  The degree of the Malik Firm's interjection into Nevada is more than minimal in this case. The Righthaven allegations in the Complaint and the arguments in this Opposition illustrate the Malik Firm's continuous and systematic contacts in Nevada and limit the Malik Firm's argument that the exercise of jurisdiction offends the traditional notions of fair play and substantial justice.

2.  The Malik Firm's burden for defending this action in Nevada is not de minimus but the Malik Firm's substantial contacts with Nevada, as argued in the Complaint and this Opposition, warrant the exercise of personal jurisdiction in the District of Nevada.

3.  There is no risk to the sovereignty of the Malik Firm's principle place of business, the State of Texas, because Righthaven's claim is a federal one.

4.  The District of Nevada would be interested in determining the rights of its citizens, specifically Righthaven in this case.

5.  The District of Nevada is an efficient forum to hear a federal copyright infringement action because it is the place of business for Righthaven, the Work emanated from a Nevada source, and because a substantial part of the events giving rise to the case are situated in Nevada.

6.  Nevada is Righthaven's principle place of business and would be the most convenient and efficient forum to effect relief for the Infringement.

7.  Copyright infringement is a federal question required to be brought before a federal district court. The existence of alternative forums should not preclude Righthaven from filing Righthaven's complaint in the District of Nevada.

As reflected above, the Malik Firm fails to put forward a compelling case for unjust personal jurisdiction in Nevada. The Malik Firm's contacts are not minimal, they are systematic and continuous, as discussed above. Ultimately, the Malik Firm has not met the defendant's burden and presented a compelling case to justify that the exercise of jurisdiction in the District of Nevada would be unreasonable.

**IV.**      **CONCLUSION**

For the reasons set forth above, Righthaven respectfully requests that this Court deny  the Malik Firm's Motion to Dismiss (Docket No. 6).

Dated this twenty-first day of June, 2010.

RIGHTHAVEN LLC


By: /s/ J. Charles Coons

STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of Righthaven LLC and that on this 21st day of June, 2010, I caused the **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** to be served by the Court's CM/ECF system.

By: /s/ J. Charles Coons

J. CHARLES COONS, ESQ.
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701