STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DR. SHEZAD MALIK LAW FIRM P.C., a Texas domestic professional corporation,<br><br>Defendant. | Case No.: 2:10-cv-0636-RLH-RJJ<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11** |

   Righthaven LLC ("Righthaven") hereby moves for sanctions against Defendant Dr. Shezad Malik Law Firm P.C. ("Malik Firm") pursuant to Rule 11 of the Federal Rules of Civil Procedure. Righthaven's motion is supported by the accompanying declaration of J. Charles Coons ("Coons Decl."), and is based upon the Memorandum of Points and Authorities set forth below, the pleadings on record with the Court, and any oral argument of counsel to be entertained by the Court.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Malik Firm's grossly premature and unfounded assertion that Righthaven lacks standing to sue for copyright infringement, as enumerated in the Motion to Dismiss,[1] is fundamentally frivolous, entirely unsupported by law or fact, and gives rise to the imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Malik Firm's standing argument, and the erroneous citation of law purportedly in support thereof, was asserted without any reasonable prefiling inquiry as required by Rule 11 and represents nothing more than a flagrant and egregious attempt to mislead the Court. Ultimately, Malik Firm's conduct constitutes an abuse of the litigation process and should not be tolerated. Accordingly, the Court should impose sanctions upon Malik Firm and award Righthaven reasonable attorney's fees incurred in responding to this patently frivolous, wholly unfounded argument.

## II. FACTS

Righthaven is the owner of the copyright in the literary work entitled: "Florida woman suing over Monte Carlo fire" (the "Work"). (Compl. Ex. 4.) Righthaven acquired ownership of the Work on or about March 31, 2010, whereupon Righthaven entered into a copyright assignment with assignor Stephens Media LLC (the "Righthaven Assignment"). (Opp'n to Mot. to Dismiss Ex. 1.) In addition to assigning Righthaven exclusive ownership of the copyright in and to the Work, the Righthaven Assignment also transferred to Righthaven the right to seek redress for all accrued causes of actions, including, without limitation, infringements of the Work occurring prior to the effective date of the Righthaven Assignment. (Opp'n to Mot. to Dismiss Ex. 1.) On April 12, 2010, the United States Copyright Office ("USCO") granted Righthaven

---

[1] Malik Firm's Motion to Dismiss was filed in two parts. Malik Firm first filed "Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Lack of Personal Jurisdiction." (Docket No. 6) Said document merely contains a brief summary of Malik Firm's purported grounds for dismissal. Malik Firm then separately filed a "Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Lack of Personal Jurisdiction," (Docket No. 7) which contains Malik Firm's dismissal arguments in full. Thus, all references to the Motion to Dismiss in the instant motion will be referring to Malik Firm's Memorandum of Points and Authorities. (Docket No. 7)

the registration to the Work, copyright registration number TX0007125673. (Compl. ¶ 25.) (Compl. Ex. 5.)

Malik Firm is the owner and registrant of the Internet domain name <dallasfortworthinjurylawyer.com> (the "Website"). (Compl. ¶ 4.)  On or about January 20, 2010, Malik Firm willfully reproduced an unauthorized copy of the Work (the "Infringement") and publicly displayed said unauthorized copy on the Website. (Compl. ¶ 10.) (Compl. Ex. 1.) Malik Firm replaced the original title of the Work with the title: "Florida Resident Files Lawsuit Related to Las Vegas Fire." (Compl. Ex. 1.)  At all times relevant to this lawsuit, the Work has depicted and depicts the Las Vegas *Review-Journal* as the original source publication. (Compl. Ex. 4.)  Malik Firm also posted at least two additional unauthorized reproductions of Righthaven-owned literary works on the Website. (Compl. Ex. 2-3.)

Righthaven filed the Complaint in this matter on May 4, 2010, alleging that Malik Firm had committed copyright infringement of the Work by publicly displaying the Infringement on the Website. (*See* Compl. ¶¶ 22-45.)  In addition to filing an Answer, Malik Firm also filed a Motion to Dismiss, seeking dismissal in part due to Righthaven's purported lack of standing to sue. (Mot. to Dismiss 4-5)  The entirety of Malik Firm's standing argument is centered upon the premise that "Righthaven has failed, however, to show that it was the owner of the copyright in the [Work] when the alleged infringement occurred." (Mot. to Dismiss 5)[2]  Malik Firm does not offer any applicable legal authority to support the proposition that Righthaven was required to exhibit or allege the specific nature of the Righthaven Assignment in the pleadings.  Malik Firm does cite the Second Circuit's and Ninth Circuit's respective recitations of 17 U.S.C. § 501(b), but Malik Firm misconstrues the decisions ultimately rendered by these courts.  At the time of filing the Motion to Dismiss, Malik Firm had not conducted any discovery, nor had Malik Firm made any requests for discovery.  As such, Malik Firm filed the Motion to Dismiss without ever having seen the Righthaven Assignment.

Righthaven filed its Opposition to Malik Firm's Motion to Dismiss on June 21, 2010.  In support of said Opposition, Righthaven attached the Righthaven Assignment. (Opp'n to Mot. to

---

[2] Malik Firm has not included line numbers on any of the pleadings or papers filed in this lawsuit.  Thus, Righthaven can only cite the applicable page number when referring to a document filed by Malik Firm.

Dismiss Ex. 1.) As such, Malik Firm has had a reasonable opportunity to review the Righthaven Assignment and examine the specific terms of the rights transfer between Righthaven and Stephens Media LLC. Despite this opportunity, Malik Firm has not withdrawn its standing argument.

As of the date of the instant motion, four other law firms or solo practitioners, while participating in the defense of other copyright actions filed by Righthaven, have previously asserted standing arguments in three separate cases before this Court that were substantively identical to the standing argument asserted by Malik Firm:

1. *Righthaven LLC v. National Organization for the Reform of Marijuana Laws and Media Awareness Project (MAP), Inc.,* 2:10-cv-0351-LDG-PAL, Docket No. 12, Motion to Dismiss 6: 7-28, 7:1-12. (Ex. 1.)
2. *Righthaven LLC v. MajorWager.com, Inc.,* 2:10-cv-00484-RCJ-LRL, Docket No. 8, Motion to Dismiss 3: 8-28, 4: 1-25. (Ex. 2.)
3. *Righthaven LLC v. Industrial Wind Action Corp and Jonathan S. Linowes,* 2:10-cv-0601-RLH-PAL, Docket No. 9, Motion to Dismiss 6: 22-28, 7: 1-28. (Ex. 3.)

As evidenced by the court documents attached hereto as Exhibits 4-6, each of these defendants later withdrew, or otherwise conceded their respective standing arguments upon the presentment of Righthaven's opposition and assignment. (Ex. 4.) (Ex. 5 at 3 n.1.) (Ex. 6 at 5: 23-28)

**III.   ARGUMENT**

   **A.   *Rule 11 Sanctions are Appropriate if a Motion is Frivolous, Legally Unreasonable, or Brought for an Improper Purpose***

Rule 11 sanctions play an integral role in the deterrence of costly, meritless abuses of the litigation process. As explained by the Advisory Committee, the language of Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." Advisory Committee Note, 97 F.R.D. 165, 198 (1983). Rule 11 sanctions are appropriate if, following the requisite prefiling inquiry, "a competent attorney could not form

4

a reasonable belief that the pleading [or other paper] is well grounded in fact and is warranted by existing law . . ." *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1537 (9th Cir. 1986) (alteration in original) (citation omitted).  Specifically, the rule provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

The current version of the rule "was intended to be a standard 'more stringent than the original good faith formula' so 'that a greater range of circumstances will trigger its violation.'" *Golden Eagle Distributing Corp.,* 801 F.2d at 1536 (*quoting* Advisory Committee Note, 97 F.R.D. at 198-99).  As such, in order to prevent the filing of unmeritorious, legally unfounded papers, courts are given wide latitude to impose Rule 11 sanctions.

Crucial to the Rule 11 analysis is the party's certification standard: to determine whether a party has complied with the rule, the court applies a standard of "objective reasonableness under the circumstances." *Hudson v. Moore Business Forms, Inc.,* 836 F.2d 1156, 1159 (9th Cir. 1987).  In other words, to satisfy Rule 11, the position taken by the filing party must support an objectively reasonable belief that the position is soundly based in law and in fact. *Golden Eagle Distributing Corp.,* 801 F.2d at 1538.  Thus, the subjective good faith of a party does not provide

5

protection from the imposition of sanctions. *See G.C. and K.B. Investments, Inc. v. Wilson,* 326 F.3d 1096, 1109 (9th Cir. 2003).

This Court has specifically held that Rule 11 sanctions are appropriate when "a motion is frivolous, legally unreasonable, or brought for an improper purpose." *Smith & Green Corp. v. Trustees of Const. Industry & Laborers Health & Welfare Trust*, 244 F. Supp. 2d 1098, 1102 (D. Nev. 2003) (citations omitted). In the context of Rule 11, a paper is frivolous if it is "both baseless and made without a reasonable and competent inquiry." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997). In sum, Rule 11 compliance occurs when a party performs a prefiling investigation of the applicable law and relevant facts and thereafter presents an argument well founded in both, and the party's actions are deemed objectively reasonable.

> **B.** *Malik Firm's Frivolous Standing Argument Unequivocally Fails to Comply with Rule 11 and Warrants the Imposition of Sanctions*
>> **1.** *Malik Firm's Assertion that the Pleadings are Insufficient is Objectively Unreasonable and is Neither Well Grounded in Fact Nor Warranted by Existing Law*

The allegations in the Complaint clearly establish Righthaven's standing to sue, such that Malik Firm's efforts to dismiss on this basis are objectively unreasonable and entirely unsupported by the relevant facts and applicable law. To comply with Rule 11, Malik Firm cannot merely state, without any substantiation, that Righthaven has "failed to show that it was the owner of the copyright in the [Work] at the time the alleged infringement of those rights occurred," (Mot. to Dismiss 4) and that, therefore, "Righthaven lacks standing to bring this action." (Mot. to Dismiss 4) Absent some relevant legal authority to support this contention, Malik Firm's self-serving argument regarding the sufficiency of the pleadings is nothing more than a baseless, legally unreasonable statement, rising to the level of sanctionable conduct.

Righthaven has clearly met the pleading requirements associated with both standing and the copyright claim. Copyright actions are governed by basic notice pleading requirements pursuant to Rule 8; copyright actions are not subject to a heightened pleading standard. The

heightened pleading standard is only applicable to actions arising out of Rule 9(b). *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1055 (9th Cir. 2005) *(citing Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168-69 (1993)). Malik Firm has not presented any authority to suggest that the instant claim should operate under a heightened pleading standard. This lack of legal support is not surprising: non-fraud allegations, such as the instant copyright claim, are *not* subject to heightened pleading requirements as this "would impose a burden on plaintiffs not contemplated by the notice pleadings requirements of Rule 8(a)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003). Accordingly, Righthaven's copyright claim need only comply with basic notice pleading requirements.

Righthaven's allegations, as pled in the Complaint, clearly meet the notice pleading burden. It is well-established that in an action for copyright infringement, the plaintiff must demonstrate: "(1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991) *(citing Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989)). Thus, a plaintiff in a properly pled copyright claim must satisfy these elements through the factual allegations in the pleadings. In the instant matter, the elements of a copyright claim are expressly pled in the Complaint, wherein Righthaven alleges copyright ownership of the Work and also alleges the Infringement. (Compl. ¶¶ 9, 22.) Furthermore, Righthaven presents evidence to support these allegations by exhibiting both the copyright registration and the Infringement. (Compl. Ex. 1, 4.) A copyright plaintiff "satisfies Rule 8 if the 'complaint and the incorporated documents are sufficient to allege' that the Defendants copied the work in question." *Home Design Services, Inc. v. B & B Custom Homes, LLC*, No. 06-00249, 2006 WL 3328140, at *4 (D. Colo. Nov. 15, 2006) *(quoting Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002)). Summarily, because copyright claims are subject to bare notice pleading requirements under Rule 8(a), the allegations as pled in the instant matter unequivocally satisfy Righthaven's pleading burden associated with both standing *and* the copyright claim.

Malik Firm's contention regarding the sufficiency of the pleadings is merely an abusive and wasteful attempt to impose a pleading standard beyond that enumerated by Rule 8(a) and should not be tolerated by the Court. Malik Firm seeks to unilaterally impose a heightened standard by arguing that Righthaven somehow lacks standing to sue because "Righthaven has failed . . . to show that it was the owner of the copyright in the [Work] when the alleged infringement occurred." (Mot. to Dismiss 5) However, Malik Firm offers no legal authority to support the proposition that Righthaven was required to plead the specific details and dimensions of its copyright ownership. As such, Malik Firm's argument completely ignores Rule 8(a), and thereby completely ignores the existing, applicable legal standard. Such conduct constitutes a failure to comply with Rule 11: Malik Firm's position is neither warranted by existing law, nor is it objectively reasonable when viewed from the perspective of a competent attorney. *See G.C. and K.B. Investments, Inc.,* 326 F.3d at 1109. Simply stated, a competent attorney would not make the unsupported argument that a copyright plaintiff, who has already established registrant status, must plead additional facts beyond the established elements of a copyright claim in order to satisfy basic notice pleading requirements.

Pursuant to the terms of Rule 8(a), ***Righthaven was not required to plead or exhibit the Righthaven Assignment, nor was Righthaven required to specifically plead the timeframe of its copyright ownership*** to sufficiently plead the copyright claim**.** In fact, given the pedestrian nature of Malik Firm's argument, the only authority Righthaven can identify that specifies any additional elements required of a copyright plaintiff to achieve Rule 8(a) compliance derives from the Eastern District of New York. In *Home & Nature Inc. v. Sherman Specialty Company, Inc.*, 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004), the court held that a complaint alleging copyright infringement sufficiently complies with Rule 8(a) so long as the plaintiff asserts: "(1) which specific original works form the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts [and] during what time the defendant infringed the copyright." Here, Righthaven irrefutably satisfies each of these elements. In the instant matter, Righthaven's Complaint: (1) identifies and exhibits the Work, (2) alleges Righthaven's ownership of the

Work, (3) alleges and exhibits the copyright registration, and (4) identifies and exhibits the Infringement. (Compl. ¶¶ 9, 22, 25.) (Compl. Ex. 1, 4-5.)  Importantly, the Rule 8(a) pleading elements outlined in *Home & Nature* do not require the plaintiff to allege copyright ownership at the time of the infringement.  There is no legal basis upon which such a requirement should be imposed here.  Righthaven's allegations are more than sufficient to satisfy the notice pleading requirements imposed by Rule 8(a).  The adequacy of Righthaven's well-pled Complaint is not diminished simply because Righthaven did not plead the additional facts needlessly raised by Malik Firm in the Motion to Dismiss.  Malik Firm apparently neglected to perform the requisite prefiling inquiry of the applicable pleading standard, and as a result, has presented the Court with a frivolous argument that is both objectively unreasonable and entirely unfounded in fact and in law.

### 2. *The Standing Argument is Objectively Unreasonable because Malik Firm Inexplicably Ignores Righthaven's Statutory Presumption of Ownership*

Malik Firm's failure to perform a reasonable prefiling inquiry is further demonstrated by Malik Firm's inexplicable ignorance of Righthaven's presumption of copyright ownership.  As Righthaven is the copyright registrant, the Copyright Act clearly mandates that Righthaven is afforded an evidentiary presumption as the exclusive owner of the copyright. 17 U.S.C. § 410(c). Specifically, § 410(c) provides, in pertinent part, that "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *See also Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 201 (9th Cir. 1989); *Marquis Models, Inc. v. Green Valley Ranch Gaming, LLC*, No. 05-01400, 2007 WL 2904172, at *3 (D. Nev. Sept. 30, 2007).  It is revealing that Malik Firm fails to acknowledge the weight of Righthaven's copyright registration in the Motion to Dismiss, as the presumption of ownership arising therefrom dispositively resolves the standing analysis.

Righthaven's Complaint specifically includes the factual contention that Righthaven was granted the copyright registration to the Work by the USCO. (Compl. ¶ 25.)  Moreover, the

Complaint attaches said registration as an exhibit. (Compl. Ex. 5.) Rule 11 expressly states that an attorney must certify that "the denials of factual contentions are warranted on the evidence, or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(4). Therefore, any denial of Righthaven's allegation of registered ownership – and any challenge to Righthaven's presumption as the rightful litigant in this lawsuit – must be warranted by substantive, rebuttable evidence. *See, e.g., May v. Morganelli-Heumann & Associates*, 618 F.2d 1363, 1369 (9th Cir. 1980) (presumption of copyright ownership is rebuttable through extrinsic evidence). The Motion to Dismiss does not offer any indicia of rebuttal evidence. Instead, Malik Firm attempts to undermine Righthaven's presumption by merely hypothesizing – without any legal or factual substantiation – as to why Righthaven's copyright registration is somehow invalid for the purposes of standing. Malik Firm futilely asserts that "Righthaven is not the original owner, but is at best an assignee" and that Righthaven's standing to sue is not satisfied under these circumstances. (Mot. to Dismiss 5) This inconclusive statement has no bearing on the instant analysis and does nothing to contest Righthaven's presumption as the rightful litigant in this lawsuit. Had Malik Firm engaged in a reasonable prefiling inquiry as required by Rule 11, Malik Firm would have learned that: (1) Righthaven enjoys a presumption of copyright ownership, and (2) evidence rebutting this presumption is needed in order to challenge Righthaven's status as the rightful litigant in this lawsuit. Ultimately, Malik Firm chose to ignore this requirement, instead opting to refute Righthaven's claim of ownership by making bald-faced, self-serving assertions entirely unsupported by fact or by law. In doing so, Malik Firm failed to comply with Rule 11.

3. ***The Standing Argument is Objectively Unreasonable Because Malik Firm Supports the Standing Argument by Fundamentally Misstating Venerable Legal Precedent***

Malik Firm's most egregious violation of Rule 11 arguably derives from the flagrant, utterly inexcusable misstatement of preceding case law. The plain language of Rule 11 mandates that an attorney must certify that "the claims, defenses, and other legal contentions are warranted

by existing law . . ." Fed. R. Civ. P. 11(b)(2).  Therefore, to comply with Rule 11, an argument asserted by a party at the time of filing must be soundly based both in law and in fact. *Golden Eagle Distributing Corp.,* 801 F.2d at 1537-38.  Here, Malik Firm's misstatement of law is so blatant that Malik Firm clearly: (1) neglected its duty to perform a prefiling inquiry into the relevant law, and (2) recklessly or intentionally misrepresented the relevant law to the Court in an effort to support its otherwise groundless position.  In this regard, Malik Firm's conduct far exceeds the Rule 11 threshold of objective unreasonableness.

An assignment expressly inclusive of accrued causes of action enables the assignee to file suit for all infringements of the assigned work, irrespective of the date of infringement. *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980-81 (2d Cir. 1991).  Amazingly, Malik Firm makes the inexplicable assertion that the Second Circuit's holding in *ABKCO* actually strengthens the standing argument set forth in the Motion to Dismiss. (Mot. to Dismiss 4)  Malik Firm cites the *ABKCO* court's recitation of § 501(b) of the Copyright Act, stating that "the legal or beneficial owner of an exclusive right under a copyright is entitled to bring actions for infringements of that right occurring during the period of ownership." *ABKCO,* 944 F.2d at 980.  However, Malik Firm conspicuously fails to inform the Court of the ***very next sentence*** of the *ABKCO* decision, wherein the Second Circuit applies § 501(b) to a set of facts involving an assignment of both copyright ownership and accrued causes of action: "[t]hus, a copyright owner can assign its copyright but, if the accrued causes of action are not expressly included in the assignment, the assignee will not be able to prosecute them." *ABKCO*, 944 F.2d at 980; *see also* Nimmer on Copyright § 12.02[B] (2000) (a copyright assignment is generally construed not to assign existing causes of action ***unless such claims are expressly included in the grant***) (emphasis added).  In other words, an assignee of a copyright has standing to sue for any past infringements of the assigned work so long as all accrued causes of action are expressly incorporated into the assignment.  This is exactly the case at present.  As demonstrated on pages 16-17, *infra*, the Righthaven Assignment unequivocally vests Righthaven with: (1) exclusive ownership rights in and to the Work, and (2) the right to seek redress for all accrued causes of action. (Opp'n to Mot. to Dismiss Ex. 1.)  Consequently, it is entirely irrelevant whether Malik

11

Firm's Infringement occurred before, during, or after the time of the Righthaven Assignment. As such, Malik Firm's suggestion that the *ABKCO* holding somehow validates the argument that Righthaven lacks standing because it did not own the Work at the time of the Infringement is shocking. Simply stated, Malik Firm's analysis of *ABKCO* constitutes an entirely erroneous and seemingly incompetent interpretation of the Second Circuit's holding.

      Malik Firm's reliance upon the Ninth Circuit's decision in *Silvers v. Sony Pictures Entertainment, Inc.,* 402 F.3d 881, 885 (9th Cir. 2005) is equally inexplicable. Disturbingly, and in direct violation of Rule 11, Malik Firm seemingly attempts to mislead the Court by putting forth a wholly inaccurate summation of the Ninth Circuit's holding. Purportedly paraphrasing *Silvers*, the Motion to Dismiss shortsightedly states that "[a] plaintiff who fails to show ownership of a valid copyright at the time of infringement lacks standing to sue for any infringement that occurred prior to assignment of the copyright." (Mot. to Dismiss 4) However, in making this reference, Malik Firm grossly misconstrues, or perhaps simply ignores the *Silvers* court's unambiguous analysis on this issue: an assignee has standing to sue for past infringements so long as the assignment includes both exclusive ownership and accrued causes of action. *Silvers*, 402 F.3d at 890 *(citing ABKCO*, 944 F.2d at 980-81). Moreover, it is disturbing that Malik Firm fails to realize that its reliance upon *ABKCO* is rendered entirely inappropriate by the Ninth Circuit's decision in *Silvers*. In *Silvers*, the court was faced "with a situation in which the owner of all the exclusive rights and the owner of the accrued causes of action [were] ***two different people***." *Silvers*, 402 F.3d at 889 (emphasis added). As a result, the Ninth Circuit held that the plaintiff's "bare assignment of an accrued cause of action" was insufficient to establish standing. *Id.* at 890. The facts in *Silvers* are blatantly distinguishable from those at present, and it is revealing that Malik Firm fails to acknowledge this distinction in the Motion to Dismiss. In the present action, there is no division of copyright ownership as was the case in *Silvers*; Righthaven is the owner of both the exclusive rights in and to the Work ***and*** the owner of all accrued causes of action. (*See* Opp'n to Mot. to Dismiss Ex. 1.) In fact, it appears that had the Ninth Circuit been dealing with the all-inclusive terms of the Righthaven

Assignment rather than the limited assignment at issue in *Silvers*, there would have been no question as to the sufficiency of the plaintiff's standing to sue.

Consequently, the Ninth Circuit's holding in *Silvers* negates Malik Firm's standing argument. Specifically, the *Silvers* decision squarely undermines Malik Firm's position that a copyright assignee can only seek redress for infringements "occurring during the period of its ownership." (Mot. to Dismiss 4) While a bare assignment of accrued claims, standing alone, was deemed insufficient by the Ninth Circuit in *Silvers*, the court acknowledged that an assignment of accrued claims coupled with a transfer of copyright ownership would constitute a sufficient basis for standing. *Id.* (*citing ABKCO*, 944 F.2d at 980-81). Furthermore, neither *Silvers* nor *ABKCO* – nor any other legal authority cited by Malik Firm – suggest that the nature and dimension of the plaintiff's copyright assignment must be articulated in the pleadings in order to establish standing. Critically, Malik Firm should have represented to this Court that the Ninth Circuit has clearly recognized that assignees of accrued causes of action may in fact have standing to sue for past infringements. Moreover, Malik Firm's reliance on *Silvers* as an example of why Righthaven might not have standing to sue demonstrates that Malik Firm was erroneously hypothesizing as to the nature of the Righthaven Assignment at the time the Motion to Dismiss was filed.

The Ninth Circuit has held that sanctions are appropriate when a party's frivolous filing is based upon a gross misconstruction of the applicable law. In *King v. Idaho Funeral Service Association,* 862 F.2d 744, 745 (9th Cir. 1988), counsel for the plaintiff sued both the funeral service association, and "some fifty individual funeral chapters which comprise the membership of the Association." Plaintiff's counsel sued the individual chapters despite the Ninth Circuit's holding in *Kline v. Coldwell, Banker & Company,* 508 F.2d 226, 231 (9th Cir. 1974), which established that mere membership in an association is insufficient to establish liability. Despite the clarity of the *Kline* decision, plaintiff's counsel in *King* erroneously contended that *Kline* instead "held that the failure of association members to disassociate themselves from the association was sufficient to impose liability." *King*, 862 F.2d at 748. Ultimately, the court found that "[t]he plaintiffs clearly have misconstrued *Kline*," and that such misconstruction,

13

along with counsel's failure to conduct a prefiling inquiry, justified the decision that "a violation of Rule 11 was the proper conclusion." *Id.* at 747-48. Similarly, in *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 205 (7th Cir. 1985), the Seventh Circuit imposed Rule 11 sanctions after counsel "refused to recognize or to grapple with the established law of the Supreme Court and of this Circuit that defeats several of the claims at issue." As such, the courts have clearly recognized that a party's blatant misstatement of applicable law, or the sheer ignorance of controlling precedent, may well amount to sanctionable conduct under Rule 11.

Accordingly, Malik Firm's misguided reliance on *ABKCO* and *Silvers*, coupled with Malik Firm's blatant, indefensible misconstruction of the holdings rendered therein, plainly demonstrates the need to impose sanctions in this matter. Malik Firm failed to perform a reasonable investigation of the applicable law prior to filing its standing argument, as a competent prefiling inquiry likely would have prevented Malik Firm from asserting such an utterly erroneous legal analysis. Instead, Malik Firm ignored its Rule 11 duties and elected to base the standing argument upon sheer factual hypothesis and an egregious interpretation of preceding case law. In doing so, Malik Firm recklessly distorted the venerable authority directly applicable to this analysis,[3] and consequently presented the Court with an entirely unfounded, fundamentally misleading standing argument in direct violation of Rule 11.

### 4. *The Standing Argument is Objectively Unreasonable because Malik Firm's Failure to Review the Righthaven Assignment Renders the Standing Argument Grossly Premature*

Rather than waste the Court's time by asserting a grossly premature standing argument, Malik Firm should have examined the Righthaven Assignment prior to filing the Motion to Dismiss. After reviewing the Righthaven Assignment, Malik Firm could have prudently assessed the assignment's specific terms, thereby achieving a full understanding of the

---

[3] Courts in jurisdictions across the country, including this Court, have repeatedly held consistently with the *ABKCO* and *Silvers* analysis. *See, e.g., Marquis Models, Inc. v. Green Valley Ranch Gaming, LLC*, No. 05-01400, 2007 WL 2904172, at *4 (D. Nev. Sept. 30, 2007); *Lanard Toys Limited v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1033 (C.D. Cal. 2007); *Giddings v. Vision House Production, Inc.*, 584 F. Supp. 2d 1222, 1229 (D. Ariz. 2008); *Two Pepper Music v. Rhino Records, Inc.*, 173 F.3d 846, No. 98-9242 (2d Cir. Apr. 23, 1999); *Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007).

sufficiency of the copyright transfer. At that point, if Malik Firm was still inclined to challenge Righthaven's standing, such an argument may then have been ripe for consideration.

The failure to review the Righthaven Assignment prior to filing the Motion to Dismiss precluded Malik Firm from asserting a ripe, well-founded standing argument. A determination of ripeness requires a two-prong test: "(1) the fitness of the issues for judicial decision; and (2) the hardship to the parties of withholding court consideration." *Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1033 (9th Cir. 2005) (internal quotation marks omitted). Malik Firm's failure to review the Righthaven Assignment prior to filing is dispositive to this analysis. The entirety of Malik Firm's position on standing is based upon the erroneous, hypothetical assumption that Righthaven, somehow, did not take an assignment of all past, present, and future causes of action. In other words, Malik Firm presented the Court with an argument founded exclusively upon speculation as to the nature of Righthaven's copyright ownership. However, under Rule 11, a motion filed in federal court must be based on much more than sheer hypothesis: Rule 11 mandates that a document filed with the court must comply with the "reasonable inquiry standard" and must be well grounded in fact and in law. *Bus. Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 534, 542 (1991). By failing to review the Righthaven Assignment prior to filing the Motion to Dismiss, Malik Firm ignored the duty to perform a prefiling factual inquiry and thus put forth an entirely unripe argument founded neither in fact nor in law. As the standing argument is both unmeritorious and unfit for judicial decision, Malik Firm is essentially wasting the Court's time and abusing the litigation process.

Malik Firm should have obtained the Righthaven Assignment through the normal course of discovery. In *Baldain v. American Home Mortgage Servicing, Inc.*, No. 09-0931, 2010 WL 56143, at *5 (E.D. Cal. Jan. 5, 2010), the court assessed a Rule 12(b)(6) motion wherein the plaintiffs did not specifically plead the date of the offense. In its analysis, the court noted the overall sufficiency of the plaintiffs' allegations and further noted that the date of violation "is exactly the sort of information which should be obtained through the discovery process." *Id*. (internal quotation marks omitted). The same logic is applicable here. As established on page 8,

15

*supra*, Righthaven was not required to exhibit the Righthaven Assignment, nor was Righthaven required to plead the details and specific terms contained therein. Similar to the court's reasoning in *Baldain*, the extent of the rights transfer effectuated by the Righthaven Assignment is ***precisely the type of information that Malik Firm should have obtained through discovery***. Upon obtaining the Righthaven Assignment through the normal course of discovery, Malik Firm could have assessed the assignment terms and proceeded accordingly thereafter. This approach would have satisfied the prefiling factual inquiry mandated by Rule 11. Malik Firm neglected this requirement. As a result, Malik Firm blindly put an unripe, unfounded standing argument before the Court, hoping that the argument's purported factual and legal support would somehow prove to be valid. This is precisely the type of sanctionable conduct for which Rule 11 was created.

### 5. *The Standing Argument is Objectively Unreasonable because a Prefiling Examination of the Righthaven Assignment would have Precluded Malik Firm from Asserting the Standing Argument*

The Righthaven Assignment assigns to Righthaven all exclusive ownership rights in and to the Work, and is expressly inclusive of all accrued causes of action. Specifically, the Righthaven Assignment provides:

> Assignor hereby transfers, vests and assigns [the Work]…to Righthaven…all copyrights requisite to have Righthaven recognized as the copyright owner of the Work for purposes of Righthaven being able to claim ownership as well as the right to seek redress for ***past, present and future infringements*** of the copyright in and to the Work.

(Opp'n to Mot. to Dismiss Ex. 1.) (emphasis added).

Such unambiguous language is not subject to alternative interpretation. The Righthaven Assignment effects an assignment of the right to sue for any possible infringements of the Work, whether accrued or unaccrued. By no means do the terms of the Righthaven Assignment impose any form of limitation upon Righthaven with respect to Righthaven's standing to sue for infringement. Assignments of this nature are expressly permitted by 17 U.S.C. § 201(d)(1), which provides that copyright ownership "may be transferred in whole or in part," and such

16

assignments are recognized as valid by the courts. *See, e.g., ABKCO*, 944 F.2d at 980. Here, the Righthaven Assignment vests Righthaven with the unequivocal right to pursue legal recourse for all infringements of the Work, including those accrued prior to the Righthaven Assignment. This fact, standing alone, squarely undermines Malik Firm's claim that Righthaven lacks standing to sue because the facts do not demonstrate that Righthaven "was the owner of the copyright in the [Work] when the alleged infringement occurred." (Mot. to Dismiss 5)  Had Malik Firm simply reviewed the Righthaven Assignment prior to filing, Malik Firm would undoubtedly have learned of the baseless nature of its position. As a direct consequence of this failure, the entirety of Malik Firm's standing argument is fundamentally frivolous: Malik Firm's position is both baseless and was asserted without any reasonable and competent investigation into the relevant facts. *See Montrose Chem. Corp. of California v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1133 (9th Cir. 1997). Accordingly, Malik Firm's failure to obtain and review the Righthaven Assignment prior to filing its standing argument exemplifies Malik Firm's noncompliance with Rule 11. Furthermore, despite having had more than three weeks to review the unambiguous terms of the Righthaven Assignment, Malik Firm has not withdrawn or conceded the standing argument.

### 6. *In Lawsuits Substantively Identical to this Action, other Law Firms have Prudently Withdrawn this Standing Argument*

As of the date of this motion, four other law firms or solo practitioners, while participating in the defense of separate Righthaven copyright claims, have filed motions to dismiss containing standing arguments substantively identical to the standing argument asserted by Malik Firm. (Ex. 1-3.) These separate copyright actions[4] have each involved an assignment

---

[4] The past copyright claims referenced herein are:
- *Righthaven LLC v. National Organization for the Reform of Marijuana Laws and Media Awareness Project (MAP), Inc.*, 2:10-cv-0351-LDG-PAL, wherein the defendants were represented by the following law firms: Watson Rounds, Lewis and Roca LLP, and the Randazza Legal Group.
- *Righthaven LLC v. MajorWager.com, Inc.*, 2:10-cv-0484-RCJ-LRL, wherein the defendant is represented by Lewis and Roca LLP.
- *Righthaven LLC v. Industrial Wind Action Corp and Jonathan S. Linowes*, 2:10-cv-0601-RLH-PAL, wherein the defendants are represented by Allen Lichtenstein, Esq.

17

of rights nearly indistinguishable from the Righthaven Assignment presently at issue. (Ex. 7-9.) However, upon presentment of Righthaven's opposition, each of these defendants thereafter withdrew, or otherwise conceded their respective standing arguments. (Ex. 4-6.)  As Righthaven's oppositions to said standing arguments were duly supported by the applicable copyright assignments, (Ex. 7-9.) counsel for defendants in each of these separate actions prudently recognized that their respective positions on standing were rendered futile by the all-inclusive terms of Righthaven's copyright assignments.  Unfortunately, in the instant action, Malik Firm has failed to follow suit.

     Malik Firm has not withdrawn the standing argument despite having had a good faith opportunity to review Righthaven's Opposition and the Righthaven Assignment attached thereto. (Opp'n to Mot. to Dismiss Ex. 1.)  This failure constitutes a violation of Rule 11 and warrants the imposition of sanctions.  In *Townsend v. Holman Consulting Corporation,* 929 F.2d 1358, 1361 (9th Cir. 1990), the plaintiff's attorney sued both the defendant and the defendant's attorney, alleging that defense counsel had wrongfully advised the defendant's unlawful conduct and improperly obstructed the plaintiff's state court action.  In response, multiple affidavits were filed by the defense, undisputedly establishing that the defendant's attorney "played no role in the actions of [the defendant]." *Id.*  Nevertheless, plaintiff's counsel filed an amended complaint which "continued to name [defense counsel] and to allege that [defense counsel] was involved in the conduct for which [the plaintiff] sought relief." *Id.*  As a consequence of plaintiff's counsel's failure to consider the defense affidavits and failure to perform a reasonable inquiry before filing the amended complaint, the Ninth Circuit upheld the district court's imposition of Rule 11 sanctions. *Id.* at 1366.  The *Townsend* analysis is directly applicable to the instant case.  After erroneously asserting the standing argument in the Motion to Dismiss, Malik Firm was provided a copy of the Righthaven Assignment. (Opp'n to Mot. to Dismiss Ex. 1.)  Malik Firm has had more than three weeks to review the Righthaven Assignment and the all-inclusive terms set forth therein.  Said terms ***unequivocally undermine*** the entirety of Malik Firm's standing argument such that there is no enduring question concerning Righthaven's standing to bring the instant lawsuit.  Nevertheless, despite having been presented with substantive evidence that clearly

---

In each case, the defendants moved to dismiss for lack of subject matter jurisdiction based on an absence of standing.  Righthaven opposed these motions, and attached a copy of the respective copyright assignment in support thereof. (Ex. 7-9.)  Soon thereafter, the defendants in each of these actions withdrew, or otherwise conceded their respective standing arguments. (Ex. 4-6.)

negates its position, Malik Firm continues to assert its frivolous, unfounded standing argument, replicating the sanctionable conduct of the attorney in *Townsend*.  Upon reviewing the Righthaven Assignment, Malik Firm should have realized that the standing argument has been rendered legally implausible.  As such, Malik Firm's subsequent failure to withdraw this argument constitutes a direct violation of Rule 11. *See Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1508 (9th Cir. 1987) (Rule 11 sanctions are warranted if claims are baseless or "lacking in plausibility").  Such conduct should not be tolerated by the Court, and Malik Firm should be sanctioned accordingly.

### IV.  CONCLUSION

Malik Firm's standing argument, as set forth in the Motion to Dismiss, plainly exemplifies the type of frivolous, legally and factually unfounded argument for which Rule 11 was created.  As such, for the reasons set forth above, Righthaven respectfully requests that this Court impose appropriate sanctions upon Malik Firm for its flagrant violation of Rule 11.  Said sanctions should encompass Righthaven's reasonable attorney's fees and costs (to be further demonstrated by a declaration and accounting of same) incurred in:

    A.  Opposing Malik Firm's standing argument set forth in the Motion to Dismiss; and

    B.  The entirety of Righthaven's efforts, including, but not limited to, briefing, filing, and arguing this motion for sanctions pursuant to Fed. R. Civ. P. 11.

Dated this eighteenth day of August, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of Righthaven LLC and that on this eighteenth day of August, 2010, I caused the **PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11** to be served by the Court's CM/ECF system.  Said motion has also been deposited for mailing in the United States mail, to be sent to defendant Dr. Shezad Malik at the following address:

DR. SHEZAD MALIK
175 Miron Drive
Southlake, Texas 76092

By: /s/ J. Charles Coons

J. CHARLES COONS, ESQ.
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701