# EXHIBIT 1

# EXHIBIT 1

1   Cassandra P. Joseph, Esq.
    Nevada State Bar No. 9845
2   WATSON ROUNDS
    5371 Kietzke Lane
3   Reno, NV 89511
    Telephone: (775) 324-4100
4   Facsimile: (775) 333-8171
    cjoseph@watsonrounds.com
5
6   John L. Krieger, Esq.
    Nevada State Bar No. 6023
7   LEWIS AND ROCA LLP
    3993 Howard Hughes Pkwy. Suite 600
8   Las Vegas, Nevada 89169
    Telephone: (702) 949-8304
9   Facsimile: (702) 949-8365
    JKrieger@LRLaw.com
10
11  Marc Randazza, Esq. (*Pro Hac Vice*
    Application to be submitted within 7 days)
12  Randazza Legal Group
    2 South Biscayne Boulevard, Suite 2600
13  Miami, Florida 33131
    Telephone: (305) 479-2491
14  mjrp@me.com
15
    Attorneys for Defendant National
16  Organization for the Reform of
    Marijuana Laws
17

18              UNITED STATES DISTRICT COURT

19                  DISTRICT OF NEVADA

20

21  RIGHTHAVEN LLC, a Nevada limited        )  Case No. 2:10-cv-00351-LDG-PAL
    liability company,                      )
22                                          )  **DEFENDANT'S MOTION TO DISMISS**
                   Plaintiff,               )  **FOR LACK OF SUBJECT MATTER**
23                                          )  **JURISDICTION AND LACK OF**
    v.                                      )  **PERSONAL JURISDICTION**
24                                          )
    NATIONAL ORGANIZATION FOR THE           )
25  REFORM OF MARIJUANA LAWS, a             )
    District of Columbia domestic nonprofit )
26  Corporation; MEDIA ACCESS PROJECT,      )
    INC., a California corporation,         )
27                                          )
                   Defendants.              )
28  _____)

                            1

1  that Righthaven is not even the current owner of the copyrights in "Dr. Reefer's business goes
2  to pot" and "Marijuana activists take stand against bill." These defects deprive the court of
3  jurisdiction over the subject matter of this case. Additionally, as explained below, NORML's
4  contacts with Nevada are insufficient to confer personal jurisdiction on this Court,
5  notwithstanding Righthaven's conclusory statements to the contrary. Accordingly, the Court
6  is without discretion to adjudicate Righthaven's claims against NORML.

7                              IV.    ARGUMENT

8      **A. The Court Lacks Subject Matter Jurisdiction in this Case.**

9              1.    **Righthaven lacks standing to prosecute its claims of copyright**
10                   **infringement.**

11         As a general rule, "[t]he legal or beneficial owner of an exclusive right under a
12  copyright is entitled to bring actions for infringements of that right occurring *during the period*
13  *of its ownership.*" *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir.
14  1991) (quoting 17 U.S.C. § 501(b)) (emphasis added); *Pye v. Mitchell*, 574 F.2d 476, 479 (9th
15  Cir. 1978) ("Only the proprietor of statutory copyright at the time of acts of infringement is
16  entitled to damages under 17 U.S.C. § 101."). "Ownership of a copyright may be transferred
17  in whole or in part by any means of conveyance," and "[t]he owner of any particular exclusive
18  right is entitled, to the extent of that right, to all the protection and remedies accorded to the
19  copyright owner." 17 U.S.C. § 201(d)(1)-(2).

20         A plaintiff who fails to show ownership of a valid copyright at the time of infringement
21  lacks standing to sue for any infringement that occurred prior to assignment of the copyright.
22  *See Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (outlining
23  the requirements for standing to sue for copyright infringement). "Standing to assert a
24  copyright claim is a jurisdictional requirement, and the Court must dismiss an action for lack
25  of subject matter jurisdiction if it determines the plaintiff lacks standing." *Giddings v. Vision*
26  *House Production, Inc.*, 584 F.Supp.2d 1222, 1229 (D.Ariz. 2008) (citing *Lewis v. Casey*, 518
27  U.S. 343, 349 n.1 (1996)).

28

1       In this case, while Righthaven has adduced evidence that it is now the owner of a valid

2  copyright in "Marijuana as Medicine," that evidence shows that Righthaven is not the original

3  owner, but rather an assignee of that copyright. (Pl.'s Compl. Ex. 4. ("Transfer: By written

4  agreement.").) Righthaven has failed, however, to show that it was the owner of the copyright

5  in "Marijuana as Medicine" when the alleged infringement occurred, and it has not submitted

6  any proof whatsoever that it has *ever* owned the copyrights in "Dr. Reefer's business goes to

7  pot" and "Marijuana activists take stand against bill." The copyright notice on each of these

8  articles, as shown in Righthaven's Exhibits 1, 2, 3, and 5, indicates that LVRJ was the

9  copyright owner at the time the articles were made available in the MAP news feed. Under

10  these circumstances—and absent more—the Court cannot satisfy itself that Righthaven has

11  standing to prosecute its claims of copyright infringement against NORML; nor can it,

12  therefore, satisfy itself of subject matter jurisdiction.

13  **B. The Court Lacks Jurisdiction Over NORML Because NORML's Contacts with**
14  **Nevada are Insufficient to Satisfy the Requirements of Federal Due Process.**

15       The basis for personal jurisdiction in Nevada over a non-Nevada resident is set forth in

16  the Nevada long-arm statute. That statute is coextensive with the Due Process Clause of the

17  U.S. Constitution. *See* Nev. Rev. Stat. § 14.065. Thus, in determining whether the exercise of

18  jurisdiction over a non-Nevada resident by a Nevada court is proper, the federal due process

19  analysis applies.

20       In the case of a corporate defendant, the requirement of "presence" in the forum state

21  "may be met by such contacts of the corporation with the state of the forum as make it

22  reasonable, in the context of our federal system of government, to require the corporation to

23  defend the particular suit which is brought." *International Shoe Co. v. Washington*, 326 U.S.

24  310, 316-17 (1945).

25       Where a defendant is not physically present in the forum state but maintains a website

26  that is accessible to forum residents, the Ninth Circuit and the District of Nevada apply the

27  "sliding scale" test articulated in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.

28  Supp. 1119, 1124 (W.D.Pa. 1997), to determine whether personal jurisdiction lies in the forum

7

# EXHIBIT 2

# EXHIBIT 2

1  Michael J. McCue (NV Bar No. 6055)
   Jonathan W. Fountain (NV Bar No. 10351)
2  LEWIS AND ROCA LLP
   3993 Howard Hughes Pkwy., Suite 600
3  Las Vegas, Nevada 89169
   Telephone: (702) 949-8200
4  Facsimile: (702) 949-8298

5  Attorneys for Defendant
   MAJORWAGER.COM, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10  RIGHTHAVEN, LLC, a Nevada limited liability     Case No. 2:10-cv-00484-RCJ-LRL
    company,
11
                    Plaintiff,                      **DEFENDANT'S MOTION
12                                                   TO DISMISS**
              vs.
13
    MAJORWAGER.COM, INC., a Canadian
14  corporation,

15                  Defendant.

16        Pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), Defendant

17  MAJORWAGER.COM, INC., ("Defendant" and/or "MajorWager"), hereby moves the Court to

18  dismiss this action for lack of subject matter jurisdiction, lack of personal jurisdiction, and for

19  failure to state a claim upon which relief can be granted.  This motion is supported by the

20  accompanying declarations of Russ Hawkins (the "Hawkins Decl.") and Jonathan W. Fountain

21  (the "Fountain Decl."), the exhibits attached thereto, and any oral argument the Court may allow.

22                      **PRELIMINARY STATEMENT**

23        MajorWager operates an Internet website devoted to providing information of general

24  interest to a worldwide audience of persons interested in sports, sports betting, and a variety of

25  both related and unrelated topics.  This case is based upon nothing more than the posting of a

26  single[1] article from the Las Vegas Review Journal within the "forums" section of MajorWager's

27  _____

    [1] While Plaintiff has attached several articles to the Complaint that it claims were posted on Defendant's
28  website, the Complaint only alleges that a single article (the "Work") has been infringed.  The Work is entitled
    "March to book begins," and is attached to the Complaint as Exhibit 14.

1   *plausible* for the court to constitutionally exercise personal jurisdiction over the defendant. *See id.;*

2   *Myers v. Bennett Law Offices,* 238 F.3d 1068, 1071 (9th Cir. 2001). In ruling on the motion, only

3   uncontroverted allegations must be accepted as true. *See AT&T v. Compagnie Bruxelles Lambert,*

4   94 F.3d 586, 588 (9th Cir. 1996). Thus, the court need not assume the truth of allegations

5   contradicted by affidavit. *Data Disc, Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1284 (9th

6   Cir. 1977). However, in the absence of an evidentiary hearing, conflicts in the parties' affidavits

7   are resolved in the plaintiff's favor. *AT&T,* 94 F.3d at 588-89.

8

## ARGUMENT

9

10
11

**I.    RIGHTHAVEN DOES NOT HAVE STANDING TO SUE (AND THE COURT LACKS SUBJECT MATTER JURISDICTION) BECAUSE RIGHTHAVEN HAS FAILED TO ALLEGE THAT IT OWNED THE COPYRIGHTS AT ISSUE AT THE TIME OF THE ALLEGED INFRINGEMENT.**

12          While "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled to

13   bring actions for infringements of that right occurring during the period of its ownership,"

14   *ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 944 F.2d 971, 980 (2d Cir. 1991), **a plaintiff who**

15   **fails to show ownership of a valid copyright at the time of infringement lacks standing to sue**

16   **for any infringement that occurred prior to its ownership of those rights**. *See Silvers v. Sony*

17   *Pictures Entm't, Inc.,* 402 F.3d 881, 885 (9th Cir. 2005) ("in order for a plaintiff to be 'entitled . . .

18   to institute an action' for infringement, the infringement must be 'committed while he or she is the

19   owner of' the particular exclusive right allegedly infringed."). "Standing to assert a copyright

20   claim is a jurisdictional requirement, and the Court must dismiss an action for lack of subject

21   matter jurisdiction if it determines the plaintiff lacks standing." *Giddings v. Vision House*

22   *Production, Inc.,* 584 F. Supp. 2d 1222, 1229 (D. Ariz. 2008) (citing *Lewis v. Casey,* 518 U.S.

23   343, 349 n.1 (1996)). Here, the Court lacks subject matter jurisdiction and should dismiss this

24   case because Righthaven has failed to allege or otherwise demonstrate that it was the owner of the

25   copyrights at issue **at the time of the alleged infringement**.

26          The Complaint alleges that Righthaven is the owner of the copyrights in "March to book

27   begins" (the "Work"). (Compl. ¶ 54.) The Complaint further alleges that: "**No later than** March

28   18, 2010, MajorWager reproduced an unauthorized copy of the Work . . . on MajorWager's

1    Website." (Compl. ¶ 60.) (Emphasis added.) The Complaint, however, does not allege that

2    Righthaven was the owner of the copyrights at the time of the alleged infringement.

3        Even worse, it appears that Righthaven was not, in fact, the copyright owner at the time of

4    the alleged infringement. Each of the articles attached to the Complaint (including the Work) bear

5    a copyright notice. In every case, the notice states: "Copyright © Las Vegas Review-Journal."

6    The Las Vegas Review-Journal is the most widely published newspaper in Clark County, Nevada.

7    It is owned and operated by Stephens Media, LLC, who has registered the name "Las Vegas

8    Review-Journal" as a fictitious firm name in Clark County, Nevada. (*See* Ex. A to Fountain Decl.,

9    LVRJ FFN Filing.) Copyrights vest in the author of a work when the work is first fixed into

10   tangible form. *See Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737, 109 S. Ct.

11   2166, 2171, 104 L. Ed. 2d 811, 822 (1989); 17 U.S.C. § 201(a). If the author is an employee, the

12   employer will own the work under the "work for hire" doctrine. *Id.* Here, the Work is dated

13   March 18, 2010, and contains the statement "By Matt Youmans" underneath the title. Thus, it

14   appears that the Work was written by Mr. Youmans as an employee of Stephens Media LLC.

15   Under the "work for hire" doctrine Stephens Media LLC was the author of the work, and,

16   therefore, was the initial owner of all copyrights in the Work. This analysis is consistent with

17   Righthaven's Exhibit 15. It states that, at the time the copyright application was filed, Stephens

18   Media LLC was the author of the Work. It also states that Righthaven succeeded to the copyrights

19   in the Work as a result of "Transfer: By written agreement," but does not give a date when the

20   alleged transfer occurred. While copyrights may be assigned, and while Stephens Media LLC

21   may have, in fact, assigned its copyrights to Righthaven, there is no allegation that Stephens

22   Media LLC did so on or prior to March 18, 2010, the date of the alleged infringement.

23       Because Righthaven was not the owner of the copyrights in the Work on the date of the

24   alleged infringement, March 18, 2010, it does not have standing to sue, the Court lacks subject

25   matter jurisdiction, and the Complaint must be dismissed.

26   ///

27   ///

28   ///

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-4-

538075.1

# EXHIBIT 3

# EXHIBIT 3

Allen Lichtenstein
Nevada Bar No. 3992
3315 Russell Road, No. 222
Las Vegas, NV 89120
(702) 433-2666 – phone
(702) 433-9591 – fax
allaw@lvcoxmail.com
Attorneys for Defendants

United States District Court

District of Nevada

RIGHTHAVEN, LLC, a Nevada
limited liability company,

              Plaintiff ,

v.

INDUSTRIAL WIND ACTION
CORP., a New Hampshire
corporation; and JONATHAN S.
LINOWES, an individual resident
of New Hampshire,

              Defendants.

Case No.: 2:10-cv-601-RLH-PAL

## MOTION TO DISMISS

Come now Defendants, by and through the undersigned attorney  and file this Motion to Dismiss Plaintiff's Complaint based on: 1) failure to state a cause of action, pursuant to Fed.R.Civ.P. 12(b)(6); 2) lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1); and 3) lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2).  This motion is made based on all pleadings and papers on file herein and the Memorandum of Points and Authorities attached hereto and any further argument and evidence as may be presented at hearing.

      Dated this 26th day of May 2010

      Respectfully submitted by:

Case 2:10-cv-00601-RLH-PAL   Document 9   Filed 05/26/10   Page 12 of 29

1   March 22, 2010." The Complaint does not allege any infringement beyond March 22, 2010. In fact,

2   Paragraphs 69, 70, and 71 all state the opposite. Nor does the Complaint allege that Defendants are

3
4   currently utilizing the material, which, in fact, they are not.

5        The Complaint specifically does not allege that Righthaven had obtained the copyright in the

6   Work at the time of the alleged infringement, "[n]o later than March 22, 2010." Neither does the

7   Complaint make any allegations that the transfer agreement referred to in Exhibit 15, contained any

8
9   transfer of a right to sue for damages allegedly suffered by prior copyright owners.

10       In short, the Complaint fails to allege a set of facts that would indicate that Defendants'

11  alleged infringement occurred at a time in which Plaintiff had any ownership interest in the Work

12
13  at issue, at all. Without such allegations, there can be no legally cognizable claim for copyright

14  infringement. While in considering a Rule 12(b)(6) Motion to Dismiss all allegations of material fact

15  in the Complaint must be taken as true and construed  in the light most favorable to Plaintiff,

16  *SmileCare Dental Group, supra*,  the Court is neither required nor permitted to add factual

17  allegations that are not contained within the Complaint itself. Here, because Plaintiff has failed to

18
19  assert facts or make any allegation stating that Righthaven was the copyright owner at the time of

20  the alleged infringement, Plaintiff has failed to state a cause of action upon which relief can be

21  granted. Therefore dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is appropriate.

22
    **B.    The Complaint Should be Dismissed for Lack of Subject Matter Jurisdiction,**
23  **Pursuant to Fed.R.Civ.P. 12(b)(1).**

24       This same flaw in Plaintiffs' Complaint, – that it fails to allege copyright ownership in the

25  article in question at the time of the alleged infringement – also requires dismissal pursuant to
26
27  Fed.R.Civ.P. 12(b)(1), for  lack of subject matter jurisdiction.  As a general rule, "[t]he legal or

28

6

1  beneficial owner of an exclusive right under a copyright is entitled to bring actions for infringements

2  of that right occurring during the period of its ownership." *ABKCO Music, Inc. v. Harrisongs Music,*

3

4  *Ltd.,* 944 F.2d 971, 980 (2d Cir.1991) (quoting 17 U.S.C. § 501(b)) ; *Pye v. Mitchell,* 574 F.2d 476,

5  479 (9thCir. 1978) ("Only the proprietor of statutory copyright at the time of acts of infringement

6  is entitled to damages under 17 U.S.C. § 101."). "Ownership of a copyright may be transferred in

7  whole or in part by any means of conveyance," and "[t]he owner of any particular exclusive right is

8

9  entitled, to the extent of that right, to all the protection and remedies accorded to the copyright

10  owner." 17 U.S.C. § 201(d)(1)-(2).

11      A plaintiff who fails to show ownership of a valid copyright **at the time of infringement**

12  lacks standing to sue for any infringement that occurred prior to assignment of the copyright. *See*

13

14  *Silvers v. Sony Pictures Entertainment, Inc.,* 402 F.3d 881, 885 (9th Cir. 2005) ("Additionally, in

15  order for a plaintiff to be 'entitled ... to institute an action' for infringement, the infringement must

16  be "committed while he or she is the owner of" the particular exclusive right allegedly infringed. 17

17  U.S.C. § 501(b)."). "Standing to assert a copyright claim is a jurisdictional requirement, and the

18  Court must dismiss an action for lack of subject matter jurisdiction if it determines the plaintiff lacks

19

20  standing." *Giddings v. Vision House Production, Inc.,* 584 F.Supp.2d 1222, 1229 (D.Ariz. 2008)

21  (citing *Lewis v. Casey,* 518 U.S. 343, 349 n.1 (1996)).

22      Here, a plain reading of the Complaint fails to find any allegation of facts demonstrating that

23

24  Righthaven was the owner of the copyright at the time that Plaintiff alleges the infringement

25  occurred. If anything, the dates referred to in the Complaint suggest just the opposite. It is clear,

26  however, that the Complaint does not provide allegations of material fact showing that Righthaven

27  has standing to prosecute its claims of copyright infringement against Defendants. Nor can the

28

# EXHIBIT 4

# EXHIBIT 4

STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-0351-LDG-PAL |
| Plaintiff, | **JOINT STIPULATION AND ORDER TO EXTEND TIME FOR PLAINTIFF TO OPPOSE DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION AND TO WITHDRAW THE CONTEST OF LACK OF SUJECT MATTER JURISDICTION FROM DEFENDANT'S MOTION** |
| v. | |
| NATIONAL ORGANIZATION FOR THE REFORM OF MARIJUANA LAWS, a District of Columbia domestic nonprofit corporation; MEDIA AWARENESS PROJECT (MAP), INC., a Delaware non-profit corporation, | |
| Defendants. | |

Righthaven LLC ("Righthaven") and the National Organization for the Reform of

Marijuana Laws ("NORML"), by and through their attorneys of record, hereby stipulate to

extend the time for Righthaven to oppose NORML's Motion to Dismiss for Lack of Subject

Matter Jurisdiction and Lack of Personal Jurisdiction ("NORML's Motion;" Docket No. 12)

until Wednesday, June 2, 2010.

Righthaven and NORML also hereby stipulate that the provisions of NORML's Motion

contesting the absence of subject matter jurisdiction and Righthaven's standing before this Court

are hereby withdrawn, without prejudice, including the section of NORML's Motion

1

commencing on page six (6), line seven (7), through page seven (7), line twelve (12). The provisions in NORML's Motion regarding lack of personal jurisdiction shall remain at issue before this Court and the docketed dates, amended by this stipulation, will remain unchanged as well. This stipulation has been made in good faith and not for the purpose of delay.

DATED this twentieth day of May, 2010.

IT IS SO ORDERED.

_____

UNITED STATES DISTRICT JUDGE

Dated: _____

Submitted by:

RIGHTHAVEN LLC                      WATSON ROUNDS

/s/ J. Charles Coons                /s/ Cassandra P. Joseph
J. Charles Coons, Esq.              Cassandra P. Joseph, Esq.
9960 West Cheyenne Avenue, Suite 210   5371 Kietzke Lane
Las Vegas, Nevada 89129-7701        Reno, NV 89511

Attorney for Plaintiff              Attorney for Defendant

2

# EXHIBIT 5

# EXHIBIT 5

1  Michael J. McCue (NV Bar No. 6055)
   Jonathan W. Fountain (NV Bar No. 10351)
2  LEWIS AND ROCA LLP
   3993 Howard Hughes Pkwy., Suite 600
3  Las Vegas, Nevada 89169
   Telephone: (702) 949-8200
4  Facsimile: (702) 949-8298

5  Attorneys for Defendant
   MAJORWAGER.COM, INC.

6

7

8              **UNITED STATES DISTRICT COURT**

9                 **DISTRICT OF NEVADA**

10  RIGHTHAVEN, LLC, a Nevada limited liability      Case No. 2:10-cv-00484-RCJ-LRL
    company,
11
                   Plaintiff,                        **DEFENDANT'S REPLY IN SUPPORT**
12                                                   **OF ITS MOTION TO DISMISS**
           vs.
13
    MAJORWAGER.COM, INC., a Canadian
14  corporation,

15                 Defendant.

16       Defendant MAJORWAGER.COM, INC., ("MajorWager"), hereby submits its reply in

17  support of its motion to dismiss for failure to state a claim and lack of personal jurisdiction. This

18  reply is supported by the accompanying supplemental declarations of Russ Hawkins (the "Supp.

19  Hawkins Decl.") and Nikkya Williams (the "Williams Decl."), the exhibits attached thereto, and

20  any oral argument the Court may allow.

21               **PRELIMINARY STATEMENT**

22       It is not an exaggeration to say that this case borders on being frivolous. In fact, that has

23  been the consensus of the substantial media coverage given to the now 47 Righthaven lawsuits

24  currently pending before this Court. (*See, e.g.* Ex. 1 to Williams Decl.) (attaching articles). These

25  lawsuits are based upon the posting of Las Vegas Review-Journal ("RJ") articles on websites

26  often, as in this case, by third parties, to further their own personal interest in an online discussion

27  about a particular topic. Also in many cases, including this one, the allegedly infringing posts

28  either give credit to the RJ or link right back to it. In addition, most of these suits, again, including

                              -1-                                    542678.1

1   In sum, the alleged infringement was technical and, because it only involved one

2   copyrighted work, *de minimis*, at best.   The alleged infringement was not committed by

3   MajorWager, but rather, by a former employee who has not been associated with MajorWager for

4   years, and who acted independently to further his own personal interest in an ongoing online

5   dialog concerning sports and sports wagering. Because the RJ offered the article at issue for free,

6   encouraged visitors to its website to download or email the article to others for free, and because

7   the article continues to be available online from the RJ's own website for free, Plaintiff has

8   suffered no damages whatsoever.

9   As set forth more fully below, Plaintiff has failed to sufficiently allege a *prima facie* case

10   for the exercise of personal jurisdiction over MajorWager, a Canadian website operator that has

11   had no contacts with the State of Nevada. And, while teeming with outrage over a technical and,

12   at best, *de minimis* infringement that resulted in no damages, Plaintiff's opposition was not

13   supported by any sworn testimony or authenticated evidence. It fails to provide the facts the

14   Complaint is sorely missing.   Rather, Plaintiff's opposition brief wastes pages upon pages

15   presenting bald assumptions, unsupported conclusions, and specious chains of false logic in an

16   attempt to convince the Court that personal jurisdiction exists over MajorWager. Plaintiff has also

17   failed to identify a single act of infringement that occurred in the United States and, therefore, fails

18   to state a claim upon which relief can be granted.[1]

19   Under these circumstances the Court should not subject MajorWager to the substantial

20   burden and expense of jurisdictional discovery, but should instead dismiss this meritless suit

21   outright.

22   ///

23   ///

24   ///

25

26   [1] MajorWager does not contest, at this time, that Righthaven has standing to sue but must
point out that its motion to dismiss for lack of subject matter jurisdiction was entirely proper based

27   on the absence of facts pled in the Complaint. Defendant was well within its rights to bring this
deficiency to the Court's attention.

28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-3-

542678.1

# EXHIBIT 6

# EXHIBIT 6

1  Allen Lichtenstein
   Nevada Bar No. 3992
2  3315 Russell Road, No. 222
   Las Vegas, NV 89120
3  (702) 433-2666 – phone
   (702) 433-9591 – fax
4  allaw@lvcoxmail.com
5  Attorney for Defendants

6                     United States District Court

7                        District of Nevada

8
   RIGHTHAVEN, LLC, a Nevada          )
9  limited liability company,         )
                                      )
10          Plaintiff,                )
                                      )    Case No.: 2:10-cv-601-RLH-PAL
11 v.                                 )
                                      )
12 INDUSTRIAL WIND ACTION             )
   CORP., a New Hampshire             )
13 corporation; and JONATHAN S.       )
   LINOWES, an individual resident    )
14 of New Hampshire,                  )
                                      )
15          Defendants.               )
                                      )
16

17        **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
               DEFENDANTS' MOTION TO DISMISS**
18
19        Come now Defendants, by and through the undersigned attorney  and file this Reply to

20 Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Complaint based on: 1) failure to

21 state a cause of action, pursuant to Fed.R.Civ.P. 12(b)(6); 2) lack of subject matter jurisdiction,

22 pursuant to Fed.R.Civ.P. 12(b)(1); and 3) lack of personal jurisdiction, pursuant to Fed.R.Civ.P.

23 12(b)(2), based on all pleadings and papers on file herein and the Memorandum of Points and

24 Authorities attached hereto and any further argument and evidence as may be presented at hearing.

25        Dated this 12th day of July 2010

26        Respectfully submitted by:

27

28

1

2

3

4

5

6

> *Roebuck & Co.*, 1982 Copyright Law Decisions (C.H.) ¶ 25,397 at p. 17,298, 1982 WL 1264 (S.D.N.Y.1982); 3 M. Nimmer, Nimmer on Copyright, § 12-02, at 12-30 (1990) ( Nimmer ). Rather, the assignee is only entitled to bring actions for infringements that were committed while it was the copyright owner and the assignor retains the right to bring actions accruing during its ownership of the right, even if the actions are brought subsequent to the assignment. Nimmer, § 12.02 at 12-29-12-30. Finally, the Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf. *See Eden Toys, Inc. v. Foresee Undergarment Co.*, 697 F.2d 27, 32 n. 3 (2d Cir.1982).

7    944 F.2d at 980.

8        In *Silvers*, the Ninth Circuit endorsed the Second Circuit's finding in *ABKCO*, that while a

9    copyright holder could not merely contractually assign the right to bring actions for infringement

10   without also assigning the copyright, the reverse is not true. A copyright holder can assign the

11   copyright without also assigning any rights to accrued causes of action. 404 F.3d at 890, citing

12   *ABKCO*, 944 F.2d at 981.

13       The failure of the Complaint to aver that Righthaven had any interest in the work in question

14   at the time the alleged infringement occurred, rendered said Complaint inadequate under both

15   Fed.R.Civ. Proc. 12(b)(1) and 12(b)(6). This deficiency prompted the Motion to Dismiss pursuant

16

17   to those two provisions. Subsequently, in Plaintiff's Opposition Motion Righthaven did assert that

18   it had an Assignment giving it an interest in the alleged accrued cause of action that is the subject

19   of this case. It also produced a copy of the Assignment, although that, in itself, was not required.

20   What is required, and was missing from the Complaint, but present in the Opposition brief, is the

21   assertion that Righthaven possesses an interest in any copyright infringement action concerning the

22   material at issue which may have occurred at the time of the alleged infringement.

23

24       Clearly, then, it would be contrary to the cause of judicial economy for Defendants, in light

25   of the statements contained within the Opposition brief, to continue to pursue the Motion to Dismiss

26   pursuant to Sections 12(b)(1) and 12(b)(6). Moreover, Defendants are willing to stipulate to an

27   amendment to Plaintiff's Complaint stating that Plaintiff's Assignment provided it with sufficient

28