# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGHTHAVEN LLC, | |
| Plaintiff(s), | Case No. 2:10-cv-0636-RLH-RJJ |
| vs. | **O R D E R**<br>(Motion to Dismiss–## 6, 8) |
| DR. SHEZAD MALIK LAW FIRM P.C., | |
| Defendant(s). | |

Before the Court is **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Lack of Personal Jurisdiction** (## 6 and 8, filed June 2, 2010). The Court has no idea why the motion was filed twice. The motion is accompanied by separately filed Points and Authorities in Support of Defendant's Motion (#7). Plaintiff's Opposition (#11) was filed June 21, 2010. Defendant's Reply (#12) was filed July 1, 2010.

**I. Violations of Local Rules**

(A) Defendant's counsel is in violation of Local Rule IA 10-2, to which he promised compliance within 45 days of the filing of the motion. It is now three months since the filing of the motion and no Application has been filed pursuant to Local Rule IA 10-2. Accordingly, any document filed by Defendant's counsel prior to obtaining permission to practice in this case shall be stricken.

(B) The purported declaration of Shezad Malik, filed as part of the motion states: "SHEZAD MALIK, of lawful age, states: 1. My name is Scott Nix." Yet, it is signed by Shezad

Malik. This leaves the Court confused as to who is actually the Chief Executive Officer of Defendant and has the authority to present such a declaration.

(C) Plaintiff's Opposition consists of 24 pages, in violation of Local Rule LR 7-4, which limits oppositions and replies to 20 pages, absent authorization by the Court to exceed that page limit. None was sought nor granted.

**II. Basis for the Motion**

Defendant's bases for the motion are (1) that the Court lacks personal jurisdiction, and (2) that Plaintiff has failed to show it has standing to bring the lawsuit. Neither basis has merit and the motion will be denied for the reasons stated below.

**III. Discussion**

JURISDICTION

Plaintiff's claims that Dr. Shezad Malik Law Firm P.C. infringed its copyrights in three news articles which appeared in the Las Vegas Review Journal newspaper. Plaintiff claims to be the owner, by assignment, of the copyright in the news articles, together with the right to seek redress for past, present and future infringements. Defendant contends that Plaintiff has not sufficiently established the right to seek redress for infringements which occurred before it obtained the assignment and further that Defendant does not have sufficient contacts with Nevada to be haled into court here on this claim. Defendant denies the presence of any of its offices or employees here. It conducts no business here. It has not targeted any business here or conducted any business with any Nevada residents here.

Remarkably, Defendant itself cites to a case both on point and dispositive of this issue. Applying the "effects" test of *Calder v. Jones,* 465 U.S. 783 (1984), the Ninth Circuit found that where a defendant "willfully infringed copyrights owned by [the plaintiff], which, as [the defendant] knew, had its principal place of business in the Central District [of California], "[t]his fact alone is sufficient to satisfy the 'purposeful availment' requirement." *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1994). It is

common knowledge that the Las Vegas Review Journal newspaper is published and distributed in Las Vegas, Nevada by the party which assigned the copyrights together with the right to seek redress for past, present and future infringements. Accordingly, this Court has jurisdiction over Defendant, based upon the allegations of the Complaint.

## STANDING

Defendant's argument that Plaintiff does not have standing is based on Defendant's lament that Plaintiff has not shown it the actual assignment. The issue before the Court is whether Plaintiff's Complaint sufficiently pleads the existence and extent of the assignment. Plaintiff is not obligated to attach the assignment to the Complaint. Its existence and validity can be determined through discovery. Then, if it proves invalid or insufficiently broad to sustain this action, a motion for summary judgment might be entertained. However, just assuming it does not exist, or that it does not cover infringements which occurred before the assignment makes for a weak argument.

The Complaint sufficiently pleads the factual allegations to sustain a claim. Copyright claims are subject to the notice pleading requirements under Fed. R. Civ. P. 8(a). The heightened requirements of Rule 9 do not apply here. Plaintiff has sufficiently identified (1) which specific original works form the subject of the copyright claim; (2) that the Plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts and during what time the defendant infringed the copyright. *See, Home & Nature Inc. v. Sherman Specialty Company, Inc.* 322 F. Supp. @d 260, 265 (E.D.N.Y. 2004).

Furthermore, the assignment in question (which Plaintiff has attached to its opposition) clearly assigns both the exclusive copyright ownership, together with accrued causes of action, *i.e.,* infringements past, present and future. While Courts have denied standing to bring an action on an accrued claim where just the copyright is owned or just the cause of action has been assigned, where there is an assignment of both the copyright, and any accrued causes of action, the courts have held that the assignee of both can bring an action even for infringing activities which occurred before the assignment. *Silvers v. Sony Pictures Entertainment, Inc*, 402 F.3d 881, 889 (9th

1  Cir. 2005); *ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 944 F.2d 971, 980 (2d Cir. 1991).  Thus,
2  in this instance, Plaintiff has standing to sue, even for an infringement which preceded the assign-
3  ment, because that right was specifically assigned with the exclusive assignment of the copyright
4  itself.

5        Defendant's Reply attempts to raise new and different grounds for dismissal, thereby
6  denying Plaintiff the opportunity to rebut the arguments found therein.  The new grounds relate to
7  the "safe harbor" provisions of the act.  Those arguments might provide a basis for a defense, or
8  even summary judgment, at the appropriate time.  However, they will not be considered here, as
9  they are outside the legitimate parameters of the present motion.

10        IT IS THEREFORE ORDERED that **Defendant's Motion to Dismiss for Lack of**
11  **Subject Matter Jurisdiction and Lack of Personal Jurisdiction** (## 6 and 8) is DENIED.

12        Dated: September 2, 2010.

_____
**Roger L. Hunt**
**Chief United States District Judge**